NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERIN LAMBESIS,
*Petitioner/Appellee,*

*v.*

CHRISTOPHER LAMBESIS,
*Respondent/Appellant.*

No. 1 CA-CV 15-0336 FC
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No.  FC2012-008029
The Honorable Thomas A. Kaipio, Commissioner
The Honorable Geoffrey Fish, Judge

**AFFIRMED**

COUNSEL

Judith A. Morse, PC, Phoenix
By Judith A. Morse
*Counsel for Petitioner/Appellee*

Christopher Lambesis, Phoenix
*Respondent/Appellant*

---

### MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

**¶1** Christopher Lambesis (Father) appeals the family court's denial of his motion for a new trial, award of attorney fees and costs to Erin Lambesis (Mother) and his motion to reconsider the allocation of fees for the parenting coordinator. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** Mother and Father divorced in 2013. The decree required Father to pay Mother $100 a month as child support for the parties' two minor children. In October 2014, Father filed a Petition to Modify Child Support, requesting that Mother be ordered to pay Father $100 per month and submitted an updated calculation using the Parent's Worksheet for Child Support. Mother responded and requested a hearing, arguing that Father's calculations were incorrect and attaching her own calculation, reflecting Father should pay $123 to Mother monthly.

**¶3** After an evidentiary hearing, the family court ordered Father to pay Mother $149.30 per month in child support. Father filed a Motion for a New Trial, arguing that he had not timely received documentation of Mother's financial status and the family court's calculation of Father's child support obligation was incorrect. Meanwhile, Mother filed an Application for Attorneys' Fees and Costs related to Father's request to modify the child support. On March 24, 2015, the family court issued a minute entry denying Father's request for a new trial and granting Mother's request for attorney fees. Father also filed a motion to reconsider the allocation of parenting

---

[1] Father's briefs fail to cite the record as required by Rule 13(a)(4), Arizona Rules of Civil Appellate Procedure, and Mother requests that we disregard the facts set forth in Father's briefs. On review we rely on the record for our recitation of the facts, viewing them in the light most favorable to upholding the family court's ruling. *See In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998).

coordinator's fees, which the family court denied. Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12–120.21.A.1 and -2101.A (West 2016).[2]

**¶4** Mother filed a Motion to Strike Father's Reply Brief on the grounds that it failed to meet the requirements of Rules 13 and 13.1, Arizona Rules of Civil Appellate Procedure. Specifically, Mother's motion requests that this court ignore any issues or evidence not properly before us. To the extent that Father's reply addresses issues not raised in his Opening Brief, we will not consider them. *See State v. Watson,* 198 Ariz. 48, 51, ¶ 4 (App. 2000) (stating that the court of appeals does not address arguments raised for the first time in a reply brief).

## DISCUSSION

### I. Motion for New Trial

**¶5** Father contends that the family court erred when it declined his request for a new trial because Rule 83, Arizona Rules of Family Law Procedure (ARFLP), entitles him to "conduct a thorough review of the information brought forth." Father argues he was denied an "opportunity to argue his case," he did not have a chance to "vet" the relevant information, and as a result, the family court was falsely led to assume that the information presented was true.

**¶6** Before the evidentiary hearing, the parties met with a Family Court Conference Center officer. The parties agreed that the only issues in dispute were (1) Mother's income and (2) Mother's child care costs.

#### A. Mother's Income

**¶7** Father's position was that the family court should consider Mother's full-time working potential without deducting any costs for work-related child care. He calculated Mother's gross monthly income at $5950. Father timely received Mother's affidavit of financial information summarizing Mother's position; however, the record on appeal suggests that Mother did not fully comply with the court's pre-trial disclosure order and produced some information late. At trial, Mother's pay stubs which reflected her year-to-date income, were admitted into evidence without objection from Father. Father did not address the late disclosure of

---

2      We cite to the current version of applicable statutes absent any material change.

documents related to Mother's income at the hearing or in his Motion for New Trial. Because he raises this issue for the first time on appeal, we will not address Father's argument that Mother's late disclosure impaired his ability to challenge her evidence concerning her income, or the court's findings on that matter. *See* ARCAP 13(c); *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007) (refusing to address arguments raised for the first time on appeal).

## B. Child Care Expenses

**¶8**      In support of her claimed child care costs, Mother offered checks she wrote to her babysitter. Father objected, arguing that the checks did not represent Mother's child care costs. The family court explained that it would admit the evidence over Father's objection so that "everybody can talk about it" and then "decide what it represents."

**¶9**      Father testified that Mother's "Affidavit of Financial Income was provided to [him] on Friday night . . . includ[ing] these checks, but the actual claim that the childcare" was part of Mother's calculation "wasn't actually delivered and filed to me [until] Tuesday night." Father claimed that as a result, he did not have enough time to figure out Mother's position as to child care expenses. He told the court that there was no evidence to support Mother's claimed child care costs. The court indicated that Father could "make that argument" and facilitated Father's examination of Mother about the validity of each check Mother claimed as a child care expense.

**¶10**      Later during the hearing, Father again asserted "the information was given to [him] late," and argued there was no evidence supporting Mother's claim she had actually worked on the days she claimed to have work-related child care costs. The family court addressed Father's argument, explaining that there is evidence in the record that the amounts Mother paid to the caregiver were for the time she was at work. The court went on to again explain that Father's contention was "an argument, and I understand that argument." At the hearing, Father admitted that Mother did have some child care costs, and Mother explained the purpose of each check.

**¶11**      At the close of the hearing, the court explained that because Father filed the request to modify child support, he had the burden of proof, and invited Father to ask any additional questions of Mother. For the first time, Father claimed that he had his "own child care costs." The family court explained "that's not something that's before the Court unfortunately because that's not something I've heard anything about until just now" and

that issues related to Father's child care costs had not been included in the position statement reviewed at the beginning of the hearing and agreed upon as a contested issue by both parties.

¶12 Despite the court's ruling, Father proceeded to testify he had $3000 in child care costs in 2013 while the parties were separated. The court again reiterated that Father's child care expenses were not included as a contested issue and would not be considered.

¶13 After considering the evidence, the court attributed $5443.17 in monthly income to Mother[3] and after excluding three checks it determined to be for non-work related child care, that her child care costs were $168.30 per month. The court did not make any findings as to Father's child care costs. The family court then applied Mother's income and child care costs using the Child Support Worksheet, finding that Father's child support obligation was $149.30 a month.

¶14 Father's Motion for New Trial argued the court's calculation of Mother's child care cost was incorrect, and that it was "difficult in the spirit of fairness to accept how the Court could award Mother child care expenses and none to Father," especially given that he testified that he had over $3000 of child care expenses in 2013 and approximately $1500 in child care expenses in 2015, most of which he paid in cash.[4] On appeal, Father argues that the court should have accepted his testimony about his child care costs, in spite of the fact that Father provided no evidence of his child care costs for 2014 and 2015.

¶15 The family court has significant discretion to determine whether to grant a new trial, and its decision should remain undisturbed absent clear abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). We review the family court's modification of a child support order for an abuse of discretion, deferring to the court's factual findings. *See Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6 (App. 2010). We will not disturb

---

[3] Father requested Mother's income be assessed at $5500 per month for child support purposes. The difference between Father's request and the family court's assessment of Mother's income is $53.97 per month.

[4] We note that this assertion is inconsistent with the record on appeal. The trial on Father's Petition for Child Support Modification occurred on January 16, 2015. At that trial, Father claimed he had $3000 in child care costs for 2013, but provided no testimony or evidence of any sum certain for costs paid in 2014 or 2015.

the court's findings of fact unless they are clearly erroneous. *Nash v. Nash*, 232 Ariz. 473, 476, ¶ 5 (App. 2013).

**¶16** At no time during the hearing, in his Motion for New Trial or on appeal, does Father explain how Mother's purported untimely disclosure impaired his ability to refute Mother's contention that she had work-related child care costs. Instead, Father contends that the court erred because it "relied upon the sole testimony of the Mother," and that "[s]ince Father objected to the testimony, there clearly wasn't evidence to support Mother's position." To the extent Father is requesting that we reach a different conclusion than the family court, we do not reweigh evidence on appeal and rely on the family court's resolution of conflicting evidence. *Reeck v. Mendoza*, 232 Ariz. 299, 303, ¶ 14 (App. 2013) (citation omitted).

**¶17** As to his own child care expenses, Father suggests that the trial court should have accepted any amount he testified to and that "to assume that Mother has child care expenses and Father does not is a completely unreasonable position especially since all that was required was sworn testimony." He does not dispute that he provided no evidence of his child care costs in 2014 or 2015 either prior to trial, at trial, or in his Motion for New Trial. As such, the family court did not abuse its discretion in declining to consider Father's alleged child care costs from 2013 when calculating child support in 2015. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 349-50, ¶¶ 26-27 (App. 1998) (stating a party's failure to provide evidence of a claimed expenses precluded the trial court from considering it in its ruling).

**¶18** We find that the family court's determination of Mother's child care costs was consistent with the evidence presented at trial. Because the court's determination of Mother's child care costs was supported by evidence presented, we also uphold its denial of Father's Motion for a New Trial.

## II. Attorney Fees Award

**¶19** Attorney fees awards ordered pursuant to A.R.S. § 25-324 are reviewed for abuse of discretion. *Mangan v. Mangan,* 227 Ariz. 346, 352, ¶ 26 (App. 2011). A court may award reasonable attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings[.]" A.R.S. § 25-324.A.

**¶20** In its order, the family court indicated that it "considered the financial resources of both parties," finding "relative financial disparity" between them. The court also noted that Father "did not prevail on his

Petition to Modify Child Support and his child support was in fact *increased* . . . ." The court also found that the parties acted reasonably, but awarded fees to Mother as permitted within its discretion. In considering both parties' financial resources and the reasonableness of their positions, we find no abuse of discretion by the family court and uphold the award of attorney fees to Mother.

### III. Parenting Coordinator Fees

**¶21**     On October 22, 2014 the family court ordered the fees of the parenting coordinator be paid 63% by Father and 37% by Mother. After Father's child support was increased, Father filed a motion to reconsider and requested that the family court adjust the allocation of fees for the parenting coordinator consistent with the child support percentages, with Father paying 53% and Mother paying 47%. The family court ordered Mother to file a response to the motion to reconsider. In her response, Mother argued that the order modifying "child support and the proportionate share of the children's medical costs [was] based upon the parties' incomes." Father was given credit for the support of his infant son with his current wife. Mother went on to argue that the "credit for a parent's child not common to the parties is a discretionary credit." And because Father is married to and lives with his son's mother, who contributes to the support of Father's new child but whose income is not considered on the child support worksheet, the "allocation of Parenting Coordinator fees should not consider the credit for Father's new child." The family court agreed and denied Father's motion to reconsider.

**¶22**     Father argues that the court's allocation of the parenting coordinator fees was improper because the court used percentages from the 2013 divorce decree and "not the updated version," and the family court improperly deviated from "customary procedures when allocating these costs." He contends that "[a]llocation of fees and costs should be proportionate to incomes at the very least."

**¶23**     Pursuant to A.R.S. § 25-406.B, costs associated with a court - ordered parenting coordinator should be allocated "based on the financial circumstances of both parties." Furthermore, the family court has discretion to "determine the allocation of fees between the parties." ARFLP 74.D. The family court did not abuse its discretion in considering the finances of the parties and not crediting Father's income with the cost of his new child in the child support percentages.

### IV. Attorney Fees on Appeal

**¶24** Mother requests her attorney fees on appeal pursuant to A.R.S. § 25-324 and ARCAP 25. In our discretion, we award Mother her reasonable attorney fees and costs related to only the appeal and not the Motion to Strike, upon her compliance with ARCAP 21.

### CONCLUSION

**¶25** We affirm the family court's award of child support, denial of Father's Motion for New Trial, its award of attorney fees to Mother and the apportionment of the parenting coordinator fees.



Ruth A. Willingham · Clerk of the Court
FILED : ama