304 P.3d 1122

**In re the Matter of Brian D. REECK, II, Petitioner/Appellant,**

v.

**Rachel MENDOZA, Respondent/Appellee.**

**No. 1 CA–CV 12–0158.**

Court of Appeals of Arizona, Division 1, Department A.

June 27, 2013.

---

300

Brian D. Reeck, II, Prescott Valley, Appellant in propria persona.

## OPINION

OLSON, Judge.*

¶1 This family court case requires us to examine whether a final award of attorneys' fees is a prerequisite to appellate jurisdiction over a decision that resolves the merits of a petition for child support. A recent opinion by a different panel of this court held that a family court decision does not become final for purposes of appeal until the issue of attorneys' fees has been resolved. *See Ghadimi v. Soraya*, 230 Ariz. 621, 623–24, ¶¶ 13–15, 285 P.3d 969, 971–72 (App.2012).[1]

We reach the opposite conclusion with respect to the order at issue here.[2]

¶2 Appellant Brian D. Reeck, II appeals from the family court's child support award to Rachel Mendoza, arising from his petition to establish custody and parenting time.[3] On January 27, 2012, the court entered a signed child support order requiring Reeck to pay $475 per month in child support. On the same day, the court entered a separate, unsigned minute entry, explaining the basis for its determination of child support, awarding Mendoza her attorneys' fees, and authorizing her to "file and serve an application for attorney fees with an appropriate proposed form of judgment for fees." Reeck filed a timely notice of appeal in February 2012.[4] According to the family court's docket,[5] Mendoza has yet to file an application for attorneys' fees.

## DISCUSSION

### I. Jurisdiction

■■■ ¶3 This court has an independent duty to determine whether it has jurisdiction to consider an appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App.1997). Generally, only final judgments are appealable. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App.1991); Ariz.Rev.Stat. ("A.R.S.") § 12–2101(A) (Supp. 2012). In general, a notice of appeal—even from a signed decision on the merits—is premature

---

* The Honorable Robert Carter Olson, Presiding Judge of the Pinal County Superior Court, is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).

1. *In re Marriage of Kassa*, 231 Ariz. 592, 299 P.3d 1290 (App.2013), is similar to *Ghadimi*. In *Kassa*, the court found it lacked jurisdiction. *Id.* at 594, ¶ 6, 299 P.3d at 1292. As in *Ghadimi*, the parties in *Kassa* did not raise the issue of jurisdiction and failed to argue the differences in the family rules and civil rules or the impact of Arizona Revised Statutes ("A.R.S.") section 25–327(A) (2007). Furthermore, unlike in this case, future hearings were scheduled to address the unresolved issues.

2. Judge Orozco was a member of the panel that decided *Ghadimi*. In light of the new arguments presented in this case that were not previously

presented in *Ghadimi*, she now believes *Ghadimi* was not correctly decided.

3. Mendoza failed to file an answering brief. Although we could regard her failure to do so as a confession of error and reverse the family court's order because no response was filed, *see* Arizona Rule of Civil Appellate Procedure 15(c), in our discretion, we decline to do so. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App.1994) (confession of reversible error doctrine is discretionary).

4. The thirtieth day was Sunday, February 26.

5. We take judicial notice of the family court's record after Reeck filed his notice of appeal. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4, 10 P.3d 1211, 1212 (App.2000) (appellate court may take judicial notice of anything of which superior court could take notice).

when matters remain to be decided by the family court, and we generally lack jurisdiction over appeals from such decisions. *See Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981). A narrow exception to this general rule is articulated in *Barassi. See Smith v. Ariz. Citizens Clean Elections Comm'n,* 212 Ariz. 407, 415, ¶¶ 37–40, 132 P.3d 1187, 1195 (2006) ("limited" *Barassi* exception applies when "no decision of the court could change and the only remaining task is merely ministerial"); *Craig v. Craig,* 227 Ariz. 105, 106–07, ¶¶ 8–9, 13, 253 P.3d 624, 625–26 (2011).

¶ 4 Here, in its order instructing Reeck to pay child support, the court also awarded Mendoza her attorneys' fees, subject to her filing an application and proposed form of judgment. Reeck filed his notice of appeal even though Mendoza had not submitted (and still has not submitted) a fee application as authorized by the family court.

¶ 5 In *Ghadimi,* another panel of this court held that a wife's appeal from a divorce decree was premature and the court lacked jurisdiction because the decree "neither determined the amount of [h]usband's attorneys' fees and costs to be paid by [w]ife nor contained an express determination complying with Rule 78(B) that there was no just reason for delay coupled with an express direction for the entry of judgment." 230 Ariz. at 622–24, ¶¶ 10–14, 285 P.3d at 970–72. In support of its holding, the *Ghadimi* court relied on Arizona Rule of Family Law Procedure 78(B) ("Family Rule 78(B)"). *Id.* at 622–23, ¶ 10, 285 P.3d at 970–71. With respect, we disagree that in this context we lack jurisdiction because we do not believe the *Ghadimi* court was asked to consider the specific differences between the Arizona Rules of Family Law Procedure ("family rules") and the Arizona Rules of Civil Procedure ("civil rules") that we address herein nor was that court presented with any argument based on the potential application of A.R.S. § 25–325(A) (Supp.2012).

¶ 6 Family Rule 78(B) is nearly an exact replica of Arizona Rule of Civil Procedure 54(b) ("Civil Rule 54(b)"), addressing judgment on multiple claims or involving multiple parties. Like Civil Rule 54(b), Family Rule 78(B) states that a court has the discretion to enter final judgment as to "fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ordinarily, under either rule, absent the requisite express determination, a judgment is not final unless it disposes of all claims and parties, including any claims for attorneys' fees.

¶ 7 But this rule of finality in civil cases comes not only from Civil Rule 54(b), but also from Rules 54(g) and 58(g) of the civil rules. Rule 54(g)(2) requires a motion for attorneys' fees to be filed within twenty days from the clerk's mailing of a decision on the merits, and Rule 58(g) states that "[e]xcept as provided in [Civil] Rule 54(b), a judgment shall not be entered until claims for attorneys' fees have been resolved and are addressed in the judgment." Neither Rule 54(g) nor Rule 58(g) has a counterpart in the family rules because the family rules impose no time limit on the submission of an application for fees. The rule announced in *Ghadimi* could enable a successful party in a family law matter to delay or forever preclude an appeal simply by failing to submit an application. Further, because there is no requirement in the family rules that attorneys' fees be resolved before the entry of judgment, there is no reason to suppose that a judgment entered without a decision on fees is not "final" for purposes of appeal. We think these differences between the family rules and civil rules are critical, and we therefore depart from *Ghadimi,* which relied only on the similarity between Civil Rule 54(b) and Family Rule 78(B).

¶ 8 Apart from the differences in the family rules and civil rules, there are stark differences between civil cases, which are ordinarily resolved with a single judgment after litigating all of the issues in a case, and family court cases, which can remain open for many years, resolving multiple issues by independent decrees and judgments, while the underlying case proceeds. During the life of a family court case, certain milestone decisions by the court are inherently final in their operation and effect, independent of other outstanding issues. These decisions

are final by nature, and the very act of entering them functions as an express determination of finality by the court.

¶ 9 One of these inherently final decisions is a decree of dissolution of marriage. In *Ghadimi*, the court did not consider the impact of A.R.S. § 25–325(A), which provides in pertinent part that "[a] decree of dissolution of marriage ... is *final when entered,* subject to the right of appeal" and further authorizes parties to remarry after expiration of the time to appeal a dissolution. (Emphasis added). Given this statute, the decision of the family court to grant a decree of dissolution is always final, in nature and effect, subject to any time-extending motions. *See Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626. When the decree is entered and the time for any relevant time-extending motions has expired, the decree is final by statute, and its appealability is not impaired by the absence of a certification under Family Rule 78(B).

¶ 10 Here, the family court entered a child support order and a wage assignment, not a decree of dissolution, and the relevant statutory provisions are different. However, like a decree of dissolution, a child support order is an inherently final decision because its effects are always final—even when the order does not dispose of all claims or parties in an action. Arizona Revised Statutes § 25–327(A) permits the family court to modify or terminate prospective support obligations, but not past support obligations, providing:

> [m]odifications and terminations are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination.

Thus, by operation of law, just as a decree of dissolution is final when entered, the entry of a signed support order by the family court is a final decision by its nature as to accruing support obligations; therefore, entry of such a signed order functions as a final determination by the family court under Family Rule 78(B), even absent a formal certificate of

finality. For these reasons, we have jurisdiction to consider Reeck's appeal.

*II. Merits*

■ ¶ 11 As we construe his brief[6] on appeal, Reeck argues either the family court should not have entered a child support award of $475 per month because he cannot afford to pay this amount or this court should decrease Reeck's monthly child support obligation. We disagree with both arguments and, as discussed below, affirm the family court's order requiring Reeck to pay child support in the amount of $475 per month to Mendoza.

■ ¶ 12 Insofar as Reeck is challenging on appeal the child support award, we review for an abuse of discretion. *Fuentes v. Fuentes,* 209 Ariz. 51, 54, ¶ 10, 97 P.3d 876, 879 (App.2004) (child support award is within family court's sound discretion and will not be disturbed on appeal absent abuse of discretion). Reeck did not designate a trial transcript for our review. As such, we must presume the testimony presented at the evidentiary hearing would support the family court's findings. *Baker v. Baker,* 183 Ariz. 70, 73, 900 P.2d 764, 767 (App.1995) (appellant is responsible for ensuring record contains transcripts necessary to consider issues on appeal; if appellant fails to include necessary transcripts, appellate court presumes they would support superior court's findings).

¶ 13 Although we have Reeck's trial exhibits, they pertain only to his income and do not relate to expenses he alleges he incurs every month in his appellate brief. Also, the income Reeck listed in his brief does not match the income the family court attributed to him on its child support worksheet or the income listed in Reeck's trial exhibits. Because we are without the trial transcript, we cannot determine whether the same evidence was before the family court. Therefore, it would be improper for us to consider the income and expenses Reeck listed in his brief on appeal. *Premier Fin. Servs. v. Citibank (Ariz.),* 185 Ariz. 80, 86–87, 912 P.2d 1309, 1315–16 (App.1995) (court of appeals cannot consider issues, theories, and evidence not presented to superior court). On the incom-

---

6. Reeck filed a "letter" on appeal, which we treat as his opening brief.

plete record before us, we cannot say the family court abused its discretion by requiring Reeck to pay $475 per month in child support.

¶ 14 To the extent that Reeck is asking this court to reduce his child support obligation because he is currently unable to pay it, that issue is not properly before us. We cannot reweigh the evidence on appeal, and, as discussed, we will not consider issues not presented to the family court. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12, 53 P.3d 203, 207 (App.2002) (family court is charged with resolving conflicts in evidence, and the court of appeals does not reweigh evidence on review); *Premier Fin. Servs.*, 185 Ariz. at 86–87, 912 P.2d at 1315–16. Reeck must seek relief from the proper court-the family court-for a downward modification of his child support obligation pursuant to Rule 91(B)(2) of the family rules. *See* A.R.S. §§ 25–327, –503(E) (Supp.2012).

## CONCLUSION

¶ 15 We affirm the family court's order requiring Reeck to pay child support.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and PETER B. SWANN, Judge.