IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

IN RE THE MARRIAGE OF:
KAREN LYNN BOLLERMANN,
*Petitioner/Appellant,*

*v.*

STEPHEN MICHAEL NOWLIS,
*Respondent/Appellee.*

No. CV-13-0279-PR
Filed April 17, 2014

Appeal from the Superior Court in Maricopa County
The Honorable Danielle J. Viola, Judge
No. FC2006-050605

Order of the Court of Appeals, Division One
No. 1 CA-CV 12-0776
**VACATED AND REMANDED**

COUNSEL:

Yvette D. Ansel (argued), Jennifer B. Rubin, David B. Goldstein, Hymson
Goldstein & Pantiliat, PLLC, Scottsdale, for Karen Lynn Bollermann

Sandra Burt, Burt & Feldman, Scottsdale; and Melinda K. Cekander
(argued), Melinda K. Cekander PLLC, Flagstaff, for Stephen Michael
Nowlis

VICE CHIEF JUSTICE BALES authored the opinion of the Court, in which
CHIEF JUSTICE BERCH, JUSTICE PELANDER, JUSTICE BRUTINEL, and
JUSTICE TIMMER joined.

VICE CHIEF JUSTICE BALES, opinion of the Court:

¶1     We granted review to determine whether a party may
appeal a family court order that neither resolves a pending request for
attorneys' fees nor includes language making the order appealable
pursuant to Arizona Rule of Family Law Procedure 78(B). Because we

interpret Rule 78(B) consistently with its civil counterpart, Arizona Rule of Civil Procedure 54(b), we hold that such an order is not final for purposes of appeal.

## I.

**¶2**        Karen Lynn Bollermann ("Wife") and Stephen Michael Nowlis ("Husband") divorced in 2006.  Beginning in the fall of 2009 they filed a flurry of post-decree petitions, culminating in a hearing before the superior court on September 6, 2011.  Four days before the hearing, Wife filed a petition seeking reimbursement for certain 2010-11 expenses under the terms of the decree of dissolution.  Although the parties' joint pretrial statement noted that these expenses were in dispute, the court did not consider them at the hearing.

**¶3**        On November 1, 2011, the court entered an order resolving all of the other issues listed in the pretrial statement.  Although the court had instructed the parties that it would not decide attorneys' fees until it resolved the 2010–11 expenses, it denied Wife's request for fees.  Shortly thereafter, the court vacated this fee ruling.

**¶4**        Some ten months later, on September 12, 2012, the court entered an order that awarded Wife a judgment on the 2010–11 expenses and again denied her request for attorneys' fees.  On October 11, 2012, Wife filed a notice of appeal from both the November 1, 2011 and September 12, 2012 orders.  The court of appeals dismissed the appeal from the November 1, 2011 order as untimely, citing *Reeck v. Mendoza*, 232 Ariz. 299, 304 P.3d 1122 (App. 2013).  There is no dispute that Wife's appeal from the September 12, 2012 judgment is timely.

## II.

**¶5**        We granted review because the appealability of family court orders is a recurring legal issue of statewide importance.  *See, e.g.*, *In re Marriage of Kassa*, 231 Ariz. 592, 299 P.3d 1290 (App. 2013); *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 293 P.3d 504 (App. 2012); *Ghadimi v. Soraya*, 230 Ariz. 621, 285 P.3d 969 (App. 2012).  We review construction of court rules de novo.  *State v. Payne*, 233 Ariz. 484, 502 ¶ 49, 314 P.3d 1239, 1257 (2013).

**¶6**         A party seeking to appeal a final family court judgment must do so within thirty days after the judgment is signed and filed with the clerk of the court. *See* ARCAP 9(a); Ariz. R. Fam. L. P. 81(A). With limited exceptions not applicable here, a notice of appeal filed before the entry of final judgment is "a nullity." *Craig v. Craig*, 227 Ariz. 105, 107 ¶ 13, 253 P.3d 624, 626 (2011); *see* A.R.S. § 12-2101(A)(1) (an appeal may be taken from a "final judgment").

**¶7**         Rule of Family Law Procedure 78(B) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court *may direct the entry of final judgment* as to one or more but fewer than all of the claims or parties *only upon an express determination* that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated, that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims* or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for *attorneys' fees may be considered a separate claim* from the related judgment regarding the merits of a cause.

Ariz. R. Fam. L. P. 78(B) (emphasis added).

**¶8**         That rule is nearly identical to Rule of Civil Procedure 54(b), on which it is based. *See* Ariz. R. of Civ. P. 54(b); *see also* Ariz. R. Fam. L. P. 78 cmt. Rule 54(b) prohibits the entry of final judgment absent a determination of all issues, including attorneys' fees, except upon express direction from the trial court. *Nat'l Broker Assocs. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 217–18 ¶ 36, 119 P.3d 477, 484–85 (App. 2005). The family rules provide that "[w]herever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules." Ariz. R. Fam. L. P. 1 cmt. Thus, we hold that, absent Rule 78(B) language determining there is no just reason for delay and directing entry of final judgment, a

judgment that does not dispose of a request for attorneys' fees is not final for purposes of appeal.

¶9        The civil rules are admittedly clearer on this point than are the family rules.  Civil Rule 58(g) specifies that no judgment shall be entered that does not address attorneys' fees, except as provided in Rule 54(b).  Ariz. R. Civ. P. 58(g); *see Nat'l Broker*, 211 Ariz. at 217–18 ¶ 36, 119 P.3d at 484–85.  Under the family rules, "the determination as to the claimed attorneys' fees shall be included with a decision on the merits of the case *or as otherwise ordered by the court*."  Ariz. R. Fam. L. P. 78(D)(2) (emphasis added).  We read the latter phrase as an allusion to the procedure set forth in Rule 78(B) for entry of final judgment on fewer than all the claims.

¶10        *Reeck* held that a subset of family court decisions are "inherently final" such that "the very act of entering them functions as an express determination of finality by the court," 232 Ariz. at 301–02 ¶ 8, 304 P.3d at 1124–25.  This vague standard, however, offers little guidance for determining which decisions are immediately appealable and is simply unworkable in a context where clarity is of paramount concern.

¶11        Some family court decisions, as *Reeck* correctly recognizes, take effect upon entry.  The *Reeck* court drew the proposition that dissolution decrees and child support orders are "inherently final" from statutes plainly concerned with effectiveness rather than appealability.  *See id.* at 302 ¶ 9–10, 304 P.3d at 1125; *see also* A.R.S. §§ 25-325(A) (providing that dissolution decrees are "final when entered," that parties may generally remarry pending appeals, and that child or spousal support orders remain effective pending appeal), -327 (child support orders).  An order may be "final" for purposes of taking effect even though it is not an immediately appealable "final" judgment.  *See Matter of Brother's Estate*, 134 Ariz. 536, 537, 658 P.2d 189, 190 (App. 1982) ("The obvious purpose of [§ 25-325(A)] is to . . . allow the parties to marry during the pendency of an appeal.").

¶12        Finally, we seek to quell the concern voiced in *Reeck* that the rule we adopt today might allow parties to delay appeals, and thereby postpone finality of important family court orders, by declining to apply for attorneys' fees.  The family rules lack a counterpart to Civil Rule 54(g), which generally requires a motion for attorneys' fees to be filed within

twenty days of the clerk's mailing of a decision on the merits. Nonetheless, family courts can avoid unwarranted delay by requiring parties to submit fee applications within a defined time period, *see*, *e.g.*, *Ghadimi*, 230 Ariz. at 622 ¶ 2, 285 P.3d at 970, or by including Rule 78(B) language in rulings on the merits. A party who wishes to appeal, or to commence the running of time for the other party to appeal, should ask the court to follow one or both of these approaches.

## III.

**¶13**       We vacate the court of appeals' order dismissing Wife's appeal of the November 1, 2011 family court order and remand the case to the court of appeals for further proceedings consistent with this opinion.