NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHELLE NOORDA, *Petitioner/Appellant*,

*v.*

JOSEPH RASOR II, *Respondent/Appellee*.

No. 1 CA-CV 14-0232
FILED 2-24-2015

Appeal from the Superior Court in Maricopa County
Nos. FC2012-094116, FC2012-094117
(Consolidated)
The Honorable Emmet J. Ronan, Judge

**APPEAL DISMISSED**

COUNSEL

Larson Law Office, PLLC, Mesa
By Robert L. Larson
*Counsel for Petitioner/Appellant*

Joseph Rasor II, Gilbert
*Respondent/Appellee in Propria Persona*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

¶1          Michelle Noorda ("Mother") appeals from the trial court's ruling on her post-decree petition relating to child support and spousal maintenance. Because the court's ruling is not a final appealable judgment, we lack jurisdiction and therefore the appeal is dismissed.

¶2          In April 2013, the trial court entered a final consent decree dissolving the marriage between Mother and Joseph Rasor, II ("Father"). The decree addressed the parties' rights and obligations relating to legal decision-making, child support, and spousal maintenance.

¶3          Mother remarried on May 1, 2013. The next month, Mother filed a petition seeking termination of spousal maintenance, modification of Father's child support obligations, an arrearage award for child support, and other relief, including an order requiring Father to "pay all of Mother's attorney's fees and costs."

¶4          In an unsigned minute entry filed on February 24, 2014, the trial court granted in part and denied in part the relief Mother requested in her petition. Among other things, the court referred the arrearage request to the Family Court Conference Center for arrearage calculations and did not address Mother's request for attorneys' fees.

¶5          On March 6, 2014, Mother filed her notice of appeal from the February 24 unsigned minute entry. The Family Court Conference Center submitted its final child support calculations to the trial court on April 8, finding that Father owed $16,408 plus $2,222.35 interest for unpaid child support. The court did not enter a subsequent order setting the final arrearage amount. Because Mother had appealed from an unsigned minute entry, she subsequently requested that the superior court enter a signed order, which it did on May 22, 2014.

¶6          As a threshold matter, this court has an independent duty to determine whether we have jurisdiction over an appeal. *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997).

**¶7**     As a general rule "a notice of appeal filed in the absence of a final judgment . . . is 'ineffective' and a nullity." *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011); *see* Arizona Revised Statutes section 12-2101(A)(1). A limited exception to the final judgment rule exists for premature appeals filed "after the trial court has made its final decision, but before it has entered a formal judgment" only if "no decision of the court could change and the only remaining task is merely ministerial." *Smith v. Arizona Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37 (2006) (*citing Barassi v. Matison*, 130 Ariz. 418, 422 (1981)). Arizona Rule of Family Law Procedures 78(B) provides that "a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause." Arizona Rule of Civil Procedure 54(b), the counterpart to Rule 78(B), "prohibits the entry of final judgment absent a determination of all issues, including attorneys' fees, except upon express direction from the trial court." *Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 8 (2014).

**¶8**     Mother argues on appeal, among other things, that the trial court abused its discretion in failing to award her attorneys' fees. In its February 24 unsigned minute entry, the trial court resolved various aspects of Mother's petition, but did not rule on Mother's request for attorneys' fees nor did it resolve the issue of Father's child support arrears. On May 22, 2014, the court entered a virtually identical signed order. Neither the unsigned minute entry nor the signed order addressed Mother's request for attorneys' fees or set a final child support arrearage amount, and neither one included Rule 78(B) certification. Thus, because the trial court's orders did not resolve all of the claims made in Mother's petition, no final appealable judgment has been entered. *Id.* As a result, this court lacks jurisdiction over Mother's appeal, which is premature.

**¶9**     Accordingly, we dismiss Mother's appeal for lack of jurisdiction.



Ruth A. Willingham · Clerk of the Court
FILED: ama