NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LISA PALANTI, *Petitioner/Appellee*,

*v.*

MASSIMO PALANTI, *Respondent/Appellant*.

No. 1 CA-CV 19-0484 FC
FILED 3-10-2020

Appeal from the Superior Court in Maricopa County
No.  FC2018-052681
FN2018-052454
(Consolidated)
The Honorable Melissa Iyer Julian, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Stewart Law Group, Phoenix
By Kareen O'Brien
*Counsel for Petitioner/Appellee*

Massimo Palanti, Peoria
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

**W I N T H R O P**, Judge:

¶1 Massimo Palanti ("Husband") challenges several aspects of the family court's dissolution decree and its attorney fee and cost award to Lisa Palanti ("Wife"). For the following reasons, we dismiss Husband's challenges to the decree for lack of jurisdiction and affirm the fee and cost award.

**FACTS AND PROCEDURAL HISTORY**

¶2 Wife petitioned for dissolution of the parties' marriage in April 2018. The parties agreed the marital residence was Husband's sole and separate property but disputed (1) whether Wife was entitled to spousal maintenance, (2) the amount of the community lien on the marital residence, and (3) whether the funds in several bank accounts were community property subject to equitable division.

¶3 The signed decree dissolving the marriage was filed on March 11, 2019. The family court denied Wife's spousal maintenance claim, determined the marital community held an equitable lien on the marital residence, and awarded Wife a significant equalization payment.

¶4 The court also found Husband had "considerably more resources available to contribute towards Wife's attorney fees and costs" and had "acted unreasonably in the litigation." On those bases, the court invited Wife to "submit all necessary and appropriate documentation to support an application for an award of attorney fees and costs." The court then stated as follows:

> Notwithstanding the outstanding attorney fees and costs issue, pursuant to Rule 78(b), Arizona Rules of Family Law Procedure, the Court expressly determines that no just reason for delay exists and directs the entry of this minute entry as a final, appealable order.
>
> . . . .

No further claims or issues remain for the Court to decide. Therefore, **IT IS FURTHER ORDERED** pursuant to Rule 78(c) . . . this final judgment/decree is signed by the Court and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk.

Following briefing on Wife's attorney fees and costs application, the court entered a separate final order filed on May 17, 2019, awarding her entire fee and cost claim.

**¶5** Husband sought reconsideration of the fee and cost award on May 29, 2019, which the court ultimately denied. Meanwhile, Husband filed a notice of appeal on June 14, 2019, challenging "the final order . . . entered on 5/17/2019."

## JURISDICTION

**¶6** Husband raises several challenges to the terms of the decree and the attorney fee and cost order in his opening brief. Wife contends we lack jurisdiction to consider his challenges to the decree because his notice of appeal was untimely. We have an independent duty to determine whether we have jurisdiction over matters raised on appeal. *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012).

**¶7** A party may appeal from a final judgment entered by the family court. Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1); *Craig v. Craig*, 227 Ariz. 105, 106, ¶ 6 (2011). If the appellant does not file a notice of appeal within thirty days of the entry of judgment from which the appeal is taken, we lack jurisdiction and must dismiss the untimely appeal. ARCAP 9(a); *In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014).

**¶8** As noted above, the court certified the decree as final under both Rule 78(b) and Rule 78(c). Rule 78(c) certification was improper because Wife's attorney fee and cost claim remained pending. *See* Ariz. R. Fam. Law P. ("ARFLP") 78(c) (providing that Rule 78(c) applies to a "judgment as to all claims, issues, and parties"). But Rule 78(b) certification was proper because the fee claim was the only issue left to be resolved. *See Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 12 (2014) ("[F]amily courts can avoid unwarranted delay by requiring parties to submit fee applications within a defined time period . . . or by including Rule 78([b]) language in rulings on the merits." (internal citation omitted)); *see also* ARFLP 78(e)(1).

**¶9** For these reasons, Husband's June 14, 2019 notice of appeal, although timely as to the May 17, 2019 fee and cost order, was untimely as

to the decree. We therefore dismiss the portion of his appeal concerning the terms of the decree for lack of jurisdiction.

**ANALYSIS**

I.    *Attorney Fees and Costs in the Family Court*

¶10    We turn to Husband's challenges to the attorney fee and cost award. Before awarding fees and costs under § 25-324(A), the court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." We review the award for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

¶11    Husband first contends the award did not comply with A.R.S. § 25-311(D). That subsection provides as follows: "A decree of dissolution or of legal separation, if made, shall not be awarded to one of the parties but shall provide that it affects the status previously existing between the parties in the manner decreed." A.R.S. § 25-311(D). Husband makes no argument explaining how he believes the statute applies in this context, and we find unavailing his citation to this statute.

¶12    Husband also contends the family court failed to make findings under § 25-324(B) before awarding fees under § 25-324(A). Such findings are not required. *See, e.g.*, *Cruz v. Garcia*, 240 Ariz. 233, 238, ¶¶ 19-20 (App. 2016) (treating fee requests under § 25-324(A) and (B) as separate issues). He also contends Wife did not request attorney fees or costs in her pleadings, but she did so in her petition and pretrial statements.

¶13    Finally, Husband contends the award was "a sanction charging [him] twice for errors actually committed by both parties for joint failures [to] disclose information prior to or at conciliation." The record does not support this contention. As noted above, the court found two things: (1) Husband had taken unreasonable positions, and (2) the parties' income reflected significant financial disparity. Each finding, standing alone, suffices to support an award under § 25-324(A), and Husband does not contest the latter finding. *See Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8 n.1 (App. 2004) ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award." (citation omitted)). Moreover, as Husband did not provide a trial transcript, we must presume the testimony supported the court's findings. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005). We find no abuse of discretion in the limited record before us.

*II.    Attorney Fees and Costs on Appeal*

**¶14**         Both parties request their attorney fees incurred in this appeal under § 25-324(A) and (B).  Wife relies on the family court's finding of a substantial financial disparity.  Having reviewed the financial information in the record, we agree a substantial financial disparity exists.  We therefore award Wife attorney fees and taxable costs incurred in this appeal, in an amount to be determined upon compliance with ARCAP 21.  We decline to award fees under § 25-324(B) and deny Husband's fee request.

## CONCLUSION

**¶15**         We dismiss Husband's challenges to the decree for lack of jurisdiction and affirm the family court's attorney fee and cost award.



AMY M. WOOD • Clerk of the Court
FILED:  AA