NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LINDA M. FREDERICK, *Petitioner/Appellee,*

*v.*

VICTOR M. BARREIRA, *Respondent/Appellant.*

No. 1 CA-CV 19-0674 FC

FILED 8-11-2020

Appeal from the Superior Court in Maricopa County
No. FC2015-053529
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellee*

Victor M. Barreira, Phoenix
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

_____

**H O W E**, Judge:

¶1   Appellant Victor M. Barreira ("Father") appeals the superior court's order modifying his parenting time. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   Father and Linda M. Frederick ("Mother") are the parents of one minor child, M. When they divorced in 2017, the superior court awarded Mother sole legal decision-making authority for M. and determined she would be the primary residential parent. In reaching that decision, the court emphasized the parties' "dysfunctional relationship," adding that "Father is especially unable to appropriately interact and communicate regarding parenting . . . ." The court also raised concerns about Father's mental health, noting he had evaded the court's order that he undergo a mental health examination by making veiled threats to the provider who was to perform the examination. For these reasons, the court ordered Father would have parenting time with M. every other weekend and every Wednesday and directed him to engage in counseling to address his behavioral and communication issues.

¶3   Just two months after the court entered the decree, Mother filed an emergency petition to modify parenting time because Father refused to return M. to her after his parenting time and would not allow the child to communicate with Mother during his parenting time. The court removed Father's Wednesday parenting time on an expedited basis, declaring that it had "significant concerns regarding Father's mental health." It later affirmed that decision after an evidentiary hearing, finding Father "has deteriorated since the time of the dissolution trial earlier this year" and is "unable to appropriately interact with anyone involved in the parenting of his child[.]" The court further noted that Father had done nothing to address its concerns about his mental health that had led it to remove his Wednesday parenting time.

¶4 Six months later, Mother again petitioned to modify parenting time, alleging as new circumstances justifying modification that (1) Father had failed to take M. to school on several occasions without informing the school or Mother and (2) M. returned distraught from parenting time with Father and stated that he wished one of his parents was dead. Mother asked the court to order that Father's parenting time be supervised and to direct that Father undergo a mental health evaluation.

¶5 Before the court could rule on that petition, however, Mother filed an emergency motion for temporary orders regarding parenting time. She again alleged Father was not allowing M. to communicate with her during his parenting time and that M. returned upset after parenting time with Father. In addition, Mother asserted that (1) M.'s counselor had expressed concerns about M.'s welfare after parenting time with Father, (2) Father was unable to appropriately care for M. during his parenting time, and (3) Father drove erratically with M. After an expedited hearing, the court restricted Father's parenting time to two evenings per week and ordered him to initiate a mental health evaluation. The court stated that it would not set a hearing on Mother's petition to modify parenting time until Father's mental health evaluation was completed.

¶6 The following year, Dr. John Scialli submitted a report to the court with the results from his mental health evaluation of Father. He concluded that Father suffered from a personality disorder and opined that, although Father is able to parent M. adequately now because of his age and compliance, he will have difficulty parenting in the future because he has a rigid parenting style and lacks insight about how his behaviors affect M. M.'s counselor also submitted a report explaining that M. suffered ill effects from Father putting him in the middle of the parties' conflict, and she had advised Mother to screen Father's messages to M. because they contained inappropriate information related to the legal proceedings.

¶7 After a hearing on Mother's petition to modify, the court found Mother had established a change of circumstances and restricting Father's parenting time to two supervised periods per week was in M's best interests. The court also modified Father's child support obligation and ordered Father to pay a portion of Mother's attorneys' fees. Father timely appealed.

## DISCUSSION

¶8 Father challenges the superior court's determination that a change in circumstances occurred that warranted a modification of his

parenting time and its findings regarding M.'s best interests. He also argues the court erred by not granting his request to modify his child support obligation.[1]

**¶9** We review the court's order addressing legal decision-making authority and parenting time for an abuse of discretion. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300 ¶ 15 (App. 2013). When considering a motion to modify legal decision-making authority or parenting time, the court must first determine whether a change in circumstances that materially affects the child's welfare has occurred. *Id.* If so, to determine the child's best interests, the court must consider "all factors that are relevant to the child's physical and emotional well-being" and make specific findings about those factors and the "reasons for which the decision is in the best interests of the child." A.R.S. § 25–403(A) and (B).

**¶10** Father argues that the evidence does not support the superior court's findings on the change in circumstances and M.'s best interests. He did not, however, provide a transcript of the evidentiary hearing. *See* ARCAP 11(c)(1)(B) (if appellant argues on appeal that the evidence does not support a finding or that the finding is contrary to the evidence, appellant must include transcripts of all relevant proceedings). Without the transcripts, we presume that the missing transcript supports the court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶11** In the hearing on Mother's petition to modify legal decision-making authority and parenting time, the superior court also addressed Father's Order to Show Cause re: Child Support, in which he argued that he was unable to work full time and asked the court to reduce his child

---

[1] Father also attempts to challenge the order directing him to pay Mother's attorneys' fees and costs. Although the court granted Mother's request for an award for attorneys' fees in the order Father appeals, it did not fully resolve Mother's request in that order. Rather, the court directed Mother to file documentation of the attorneys' fees she had incurred during the proceedings and certified the remainder of its ruling for immediate appeal under Arizona Rule of Family Law Procedure 78(B). Accordingly, the attorneys' fees issue was not fully resolved in the order on appeal, and Father cannot challenge it in this appeal. *Cf. Bollermann v. Nowlis*, 234 Ariz. 340, 342 ¶ 8 (2014) (holding a judgment that does not dispose of a request for attorneys' fees is not final for purposes of appeal unless it contains Rule 78(B) language determining there is no just reason for delay and directing entry of final judgment).

support obligation. Father argues the court erred by denying his request for a child support modification. The court did, however, find that substantial changes in the parties' financial resources as well as the change in Father's parenting time justified a modification to his child support obligation. Father's failure to explain how the court allegedly erred in making this modification waives that argument on appeal. *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9 (2004) ("Merely mentioning an argument is not enough: 'In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.'"); *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) (determining that wife abandoned and waived argument by failing to cite any law or facts to support her position). Even if Father had properly raised this argument, because he has not provided this court with the transcript of the hearing, we would assume that the evidence supports the superior court's ruling. *See Baker*, 183 Ariz. at 73.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm. Mother requests an award of the attorneys' fees she has incurred on appeal pursuant to A.R.S. § 25–324. After considering the parties' financial resources and the reasonableness of their positions, we deny Mother's request. Because Mother has prevailed on appeal, we award her costs on appeal upon her compliance with Arizona Rule of Civil Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA