NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MIGUEL ANTHONY HERNANDEZ, *Petitioner/Appellant*,

*v.*

LINDSEY MARIE ATHEY, *Respondent/Appellee.*

No. 1 CA-CV 22-0660 FC
FILED 12-21-2023

Appeal from the Superior Court in Maricopa County
No. FC2011-002285
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

Cantor Law Group PLLC, Phoenix
By Nicholas Boca, Amanda Szpakowski
*Counsel for Petitioner/Appellant*

Schmillen Law Firm PLLC, Scottsdale
By James R. Schmillen, Erica Leavitt
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1 Miguel Anthony Hernandez ("Father") appeals from an order modifying the previous legal decision-making authority and parenting-time orders[1] to Lindsey Marie Athey ("Mother"). Finding no abuse of discretion, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 The parties have one child, born in 2010. In 2013, they agreed to share joint legal decision-making authority and equal parenting time. Five years later, the parties filed competing petitions to modify these orders. The court appointed David Weinstock, Ph.D., to conduct a comprehensive family evaluation ("CFE").

¶3 While that modification litigation was pending, Mother was arrested and later pled guilty to extreme driving under the influence ("DUI"). After an evidentiary hearing in September 2020, the superior court found that changed circumstances warranted a modification of the 2013 custody orders. The court cited Mother's extreme DUI conviction and found that her "mental health issues, which are the direct cause of her alcohol abuse, have not been fully addressed." The 2020 order provided for joint legal decision-making authority with Father having the final say if the parties could not agree. The order awarded Mother parenting time every other weekend, one evening a week, and alternating holidays. As relevant to this appeal, the court required Mother to participate in mental-health treatment with a master's-level counselor and provide a copy of Dr. Weinstock's CFE to her counselor. Mother's individual counselor was also

---

[1] Father also appeals the court's award of attorney fees to Mother. We address that issue in a separate opinion filed simultaneously with this memorandum decision. *See Hernandez v. Athey*, 1 CA-CV 22-0660 FC, --- Ariz. --- (App. Dec. 21, 2023).

ordered to work with her substance-abuse counselor, Daniel Blew, and the family counselor, Judith Lewis-Thome.

¶4          One year later, Mother petitioned to modify the 2020 order. Mother asserted the following changed circumstances: (1) she completed twelve months of mental-health treatment under the terms of the 2020 order, (2) she maintained two years of sobriety, (3) she continued substance-abuse counseling with Mr. Blew, (4) she participated in co-parenting therapy with Ms. Lewis-Thome, (5) she completed her DUI requirements such that she was eligible to remove the interlock from her car, and (6) the parties could not agree on the appropriate therapy for the child despite increased behavioral issues. Father responded that Mother's treatment did not adequately address the mental-health issues identified in the 2020 order, questioned her sobriety, and disputed the child's need for therapy.

¶5          After a one-day hearing, the superior court found "a substantial and continuing change" of circumstances existed and that Mother sufficiently addressed all the issues raised in the 2020 order. After considering the best-interests factors in A.R.S. §§ 25-403, -403.03, and -403.04, the court continued joint legal decision-making authority, eliminated the provision giving Father final say, and reinstated equal parenting time. The court also awarded attorney fees to Mother. Although the order did not specify an amount for the attorney-fees award, the court certified that its order was appealable under Arizona Rule of Family Law Procedure ("Rule") 78(b).

¶6          Because the superior court certified the order under Rule 78(b) as "an appealable judgment as to one or more, but fewer than all, claims," we have jurisdiction to consider the decision-making and parenting-time orders on appeal under A.R.S. § 12-2101(A)(2). *See Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 12 (2014) (stating that rulings on the merits that include Rule 78(b) language are appealable even if attorney fees are unresolved).

## DISCUSSION

¶7          When considering a petition to modify legal decision-making authority and parenting-time orders, the superior court first considers "whether there has been a change of circumstances materially affecting the welfare of the child." *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020) (quoting *Black v. Black*, 114 Ariz. 282, 283 (1977)). If the court finds a change in circumstances, it may then consider whether a modification is in

the child's best interests by applying the factors in A.R.S. § 25-403(A). *Id.* The party seeking a modification has the burden of proof. *Id.* The court has "broad discretion to decide whether a change of circumstances has occurred," which we will affirm absent abuse of discretion. *Id.*

¶8        The superior court found substantial and continuing changed circumstances and that Mother sufficiently addressed the issues raised in the 2020 order. Father suggests this finding is insufficient and that the record as a whole shows the court applied an incorrect standard. We disagree.

¶9        The 2020 order provided in pertinent part:

> [U]ntil Mother consistently participates in treatment for her underlying mental health issues, her risk to relapse . . . is too great and renders her a potential risk of harm to the child. It is contrary to the child's best interests, therefore, for Mother to share equal parenting time with Father until she participates in mental health treatment for a period of at least 12 months.

¶10       Mother presented evidence that she consistently participated in individual counseling with a master's-level counselor, Ms. DeSerto, who worked with Mother's substance-abuse and family counselors and did so for at least 12 months. Ms. DeSerto reviewed the CFE, as required in the 2020 order, and treated Mother for the mental-health issues she identified in their sessions. Thus, the record supports the court's conclusion that Mother sufficiently addressed her mental-health issues consistent with the 2020 order.

¶11       According to Father, the 2020 order required Mother to address each specific mental-health condition mentioned throughout the 2020 order and undergo mental-health testing. He argues Mother did not receive treatment for all the conditions listed in the 2020 order, specifically a mood disorder, and therefore she could not have satisfied the requirements of the 2020 order.[2] However, the superior court explained in

---

[2]       Mother argues that Father waived this and other arguments because he failed to cite legal authority as required by Arizona Rule of Civil Appellate Procedure 13(a)(7). Father's arguments lacking legal authority are fact-based arguments in which Father asks this court to accept his view of the evidence. As such, citations to caselaw were not mandatory, and we find no waiver.

an interim order, that it "will not dictate to the counselor his or her treatment plan for Mother."

¶12      The 2020 order discusses symptoms and conditions Mother *may* have had, as indicated by Dr. Weinstock's psychological testing. To be sure, the 2020 order refers to Dr. Weinstock's "conclu[sion] that Mother has a mood disorder and used alcohol to cope with her mental health issues." But Mother's treating counselor, Ms. DeSerto, did not see evidence of a mood disorder. The 2020 order did not direct treatment for specific conditions. Instead, it noted the mental-health concerns identified in the CFE as part of its order that Mother seek mental-health treatment.

¶13      Ms. DeSerto reviewed the CFE and determined that Mother sufficiently addressed the mental-health issues she diagnosed. Additionally, Mother testified that she has made significant progress on those issues and her overall mental health through her work with Ms. DeSerto, Mr. Blew, and Ms. Lewis-Thome. That Ms. DeSerto's treatment did not expressly align with Dr. Weinstock's list of Mother's issues in the CFE does not negate the evidence of Mother's progress. Although Father disputed the credibility of Ms. DeSerto's conclusions and Mother's testimony, the superior court found them persuasive. We do not reweigh evidence on appeal or judge the credibility of the witnesses. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

¶14      Contrary to Father's assertion, the superior court did not find that Mother complied with the 2020 order merely because she attended counseling for 12 months with a master's-level counselor and provided the CFE to that counselor. As noted above, the court found that Mother sufficiently addressed the mental-health issues raised in the 2020 order.

¶15      Father also argues the superior court cited no facts to support its conclusion that Mother met her burden of showing a change of circumstances. The controlling statutes, A.R.S. § 25-411(J) and (L), do not require such a finding to be written or stated on the record. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009) (holding A.R.S. § 25-411(J) does not require written findings to restrict parenting time). Therefore, we find no error.

¶16      Father also challenges the adequacy of the court's findings as to A.R.S. § 25-403.04 about substance abuse. Father raised this argument for the first time in his reply brief. Arguments first raised in a reply brief are generally considered waived, *Johnson v. Provoyeur*, 245 Ariz. 239, 243, ¶

13 n.5 (App. 2018), but we will consider Father's argument because it relates to the child's best interests, *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013).

**¶17** Section 25-403.04 applies if the court finds that "a parent has abused drugs or alcohol or has been convicted of" specified offenses "*within twelve months before the petition . . . [wa]s filed*." (Emphasis added.) The court found no evidence that this section applied. Father cited no evidence in the record showing Mother abused any substances or had any new convictions in the applicable timeframe. In fact, Mother testified that she has had no alcohol since the 2020 order. Thus, this section did not apply, and the court was not obligated to make any additional findings.

**¶18** Father does not adequately challenge the sufficiency of the other A.R.S. § 25-403(A) best-interests findings. Father argues the evidence does not support the A.R.S. § 25-403(A)(5) finding that Mother has properly addressed her mental-health and substance-abuse concerns because "Judge Allen does not identify a single fact on the record that led to his conclusion that Mother has properly addressed the issues." But the court does not have to reference each piece of evidence that supports its ruling. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52, ¶ 19 (App. 2007). It must include "the 'ultimate' facts—that is, those necessary to resolve the disputed issues." *Elliott v. Elliott*, 165 Ariz. 128, 132 (App. 1990). Here, the court found that Mother was properly addressing her mental-health issues and was "physically and mentally able to properly care for the child." The record supports this finding. The court need not detail the evidentiary basis on which this ultimate fact was based. *Christy C.*, 214 Ariz. at 451–52, ¶ 19. We find no error. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (noting the appellate court will affirm the superior court's ruling if substantial evidence supports it, even if conflicting evidence exists).

## CONCLUSION

**¶19** We affirm the order modifying legal decision-making authority and parenting time. In the exercise of our discretion, we order each party to pay their own attorney fees on appeal. *See* A.R.S. § 25-324(A). As the successful party on appeal, Mother is entitled to an award of costs under A.R.S. § 12-342.