NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

THERESA L. FRANKSON, *Petitioner/Appellee,*

*v.*

BEAR FRANKSON, *Respondent/Appellant.*

No. 1 CA-CV 24-0384 FC

FILED 03-13-2025

Appeal from the Superior Court in Maricopa County
No. FN2022-004873
The Honorable Melissa M. Zabor, Judge

**AFFIRMED IN PART; REVERSED IN PART, AND REMANDED**

COUNSEL

Goldman Law, LLC, Phoenix
By Lundyn J. Garrett
*Counsel for Petitioner/Appellee*

Bear Frankson, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

---

**B A I L E Y**, Judge:

**¶1**         Bear Frankson ("Husband") appeals the superior court's decree dissolving his marriage to Theresa L. Frankson ("Wife"). Husband argues the superior court erred in awarding inheritance funds to Wife as her sole and separate property and in awarding her a portion of her attorneys' fees and costs under Arizona Revised Statutes ("A.R.S.") section 25-324. For the following reasons, we affirm in part, reverse in part, and remand.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         The parties married in 1984. Wife's father died during the marriage, and Wife inherited more than $200,000 that was deposited in the parties' joint savings account in May 2021.

**¶3**         In November 2022, Wife filed for divorce. Each party alleged improper behavior by the other. Wife alleged Husband had drained the funds from the parties' joint checking and savings accounts after they separated. Husband alleged Wife obtained an order of protection solely to remove him from the home and allow her to live there "free and clear" while forcing him to pay rent.

**¶4**         Less than a week before the November 2023 resolution management conference ("RMC"), Husband sent a settlement offer to Wife in which he sought an equal split of the parties' bank accounts, including half of Wife's inheritance; a $22,000 equalization credit for Wife residing in the parties' home; reimbursement of credit card debts incurred after he was served; an offset credit for his proposed vehicle allocations; and award of the marital residence. At the RMC, the court set a trial date and granted Husband's request to set alternative dispute resolution ("ADR").

**¶5**         At ADR, the parties spent substantial time tracing the funds in their bank accounts but were unable to resolve "anything." Husband continued to contend he was entitled to half of Wife's inheritance, and he

refused to release any of the funds he had withdrawn, even though he acknowledged at least half of the funds belonged to Wife.

**¶6**          At the February 2024 trial on the dissolution petition, Wife testified the funds in the parties' checking account were community funds, as were part of the funds in their savings account.  However, Wife maintained most of the money in the savings account was her sole and separate property, derived from her inheritance.  She tracked the inheritance funds, explaining each savings account deposit and withdrawal from May 2021 through late September 2022, when Husband withdrew $219,344.46.  Wife also sought her attorneys' fees and costs, arguing Husband had taken unreasonable positions throughout the litigation.

**¶7**          Husband argued the parties' joint bank accounts were "too commingled" to be traced and noted Wife withdrew a few thousand dollars from the checking and savings accounts immediately after she moved out of the marital residence in September 2022, a fact Wife did not dispute.  He also explained that although Wife and her ex-husband had originally purchased the marital residence, it fell into foreclosure, and Wife and Husband subsequently "bailed it out."  Husband also claimed he had made some improvements to the home, mostly to accommodate his health issues.

**¶8**          After taking the matter under advisement, the superior court ordered the parties to file briefs addressing the marital home's valuation and each party's equity in it, then issued a dissolution decree in April 2024. The court awarded the home to Wife, while crediting Husband for his portion of its value.  The court also concluded Wife's inheritance was her sole and separate property, and although the parties' joint savings account had both community and separate funds in it, the inheritance funds were easily traceable and had not been commingled.  Accordingly, the court concluded Husband owed Wife both for her half of the community property in the accounts and for the value of the inheritance.  The court also found Husband had acted unreasonably during the litigation and awarded Wife a portion of her requested attorneys' fees and costs.

**¶9**          We have jurisdiction over Husband's timely appeal.  *See* A.R.S. § 12-2101(A)(1); *Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 12 (2014).

## DISCUSSION

I. Wife's Inheritance Funds and the Joint Savings Account

**¶10** Husband argues the superior court erred in concluding Wife's inheritance funds were traceable and awarding them as her separate property rather than finding they had been commingled.

**¶11** We review the superior court's division of property for an abuse of discretion, but we review *de novo* the classification of property as separate or community. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014); *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). We do not reweigh the evidence but defer to the superior court's resolution of disputed facts and witness's credibility. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶12** In a divorce proceeding, the superior court must divide community property equitably, although not necessarily in kind, without regard to marital misconduct. A.R.S. § 25-318(A). Generally, equitable division requires that community property be divided substantially equally. *Toth v. Toth*, 190 Ariz. 218, 221 (1997).

**¶13** Property acquired during marriage is generally considered community property unless acquired by gift, devise, or descent. *See* A.R.S. § 25-211(A). If acquired by either spouse before marriage or acquired during marriage by gift, devise, or descent, property is characterized as separate property. A.R.S. § 25-213(A). The court must assign each spouse's separate property to that spouse. A.R.S. § 25-318(A).

**¶14** "The commingling of separate and community funds into one account does not transmute the entire account into a community account so long as the funds remain traceable." *Noble v. Noble*, 26 Ariz. App. 89, 95 (1976). Wife bore the burden of showing by clear and convincing evidence how much of the separate funds in the parties' savings account remained traceable. *See Cooper v. Cooper*, 130 Ariz. 257, 259–60 (1981); *Sommerfield v. Sommerfield*, 121 Ariz. 575, 577–78 (1979).

**¶15** Here, Wife testified and showed evidence that she received an inheritance check for $201,719.00, which was deposited into the parties' joint savings account on May 14, 2021. From the time of the deposit until the parties separated in 2022, the only deposits into the account were for monthly interest, and there were only two withdrawals. One withdrawal of $20,000 was immediately deposited into the parties' checking account as part of the parties' community funds, and the other withdrawal of

4

$42,632.02 was used to buy Wife's personal automobile, an Acura. These two withdrawals were each separately and easily traceable, and the superior court did not err in concluding the funds from Wife's inheritance were her sole and separate property and had not been commingled.

¶16 We note, however, that Wife testified she understood that if the court considered the Acura her sole and separate property, the amount spent on it "will be reduced from the $201,000 inheritance that was placed into this account," and that if the court considered the Acura community property, Wife "would owe an offset to [Husband]" after allocation of the parties' vehicles. In its decree, the court found "Wife purchased the Acura with her sole and separate funds" and that it was her sole and separate property. However, rather than subtract the amount spent on the Acura from the inheritance funds before calculating Wife's remaining sole and separate property as it should have, the court instead credited Wife for the total inheritance amount of $201,719.00. Further, because the court considered the Acura to be Wife's sole and separate property, the court did not credit any of the vehicle's value in calculating offsets, meaning that Husband, rather than Wife, owed an offset after allocation of the parties' vehicles. Because, according to Wife's own testimony, the $42,632.02 withdrawal from the parties' joint savings account should have reduced Wife's sole and separate property by that amount, the court erred in crediting her for the full amount of the inheritance. We therefore reverse that portion of the decree and remand for the court to credit Husband for an additional $21,316.01, the additional amount he should have received as his half of the community property from the joint savings account.

¶17 Finally, Husband seems to challenge the court's determination of his share of the community home's value, suggesting the court should have credited a higher amount because he "exclusively" paid the mortgage for a time. Husband does not develop this argument, support it with citations to the record, or explain when or if he made this argument in the superior court. *See* ARCAP 13(a)(7). Accordingly, he has waived the argument. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022); *Bobrow v. Bobrow*, 241 Ariz. 592, 597, ¶ 23 (App. 2017).

II. Award of Attorneys' Fees and Costs to Wife

¶18 Husband next argues that, in awarding attorneys' fees to Wife under A.R.S. § 25-324, the superior court erred in finding he acted unreasonably. Wife argues Husband took unreasonable positions throughout the litigation that warranted an award of attorneys' fees under A.R.S. § 25-324.

**¶19**          We review for an abuse of discretion an award of attorneys' fees made under A.R.S. § 25-324.  *See In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).  The court abuses its discretion if it commits an error of law in making a discretionary decision.  *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008).

**¶20**          To award attorneys' fees under A.R.S. § 25-324, a court must consider (1) the financial resources of the parties and (2) the reasonableness of the positions each party has taken throughout the proceedings.  A.R.S. § 25-324(A).  In this case, the superior court expressly considered each.

**¶21**          In awarding attorneys' fees and costs to Wife, the court found no substantial disparity of financial resources between the parties, but concluded Husband acted unreasonably throughout the litigation.  The court's conclusion was supported by testimony that Husband refused Wife's request that he return a portion of her inheritance so she could pay bills, claimed that some of Wife's inheritance was his, requested reimbursement for credit card debts he incurred after being served with the dissolution petition, and made other unreasonable demands and requests, including forcing Wife to incur attorneys' fees responding to his frivolous demands that Wife provide him health care items he later admitted he could have obtained for free through worker's compensation.  The court also noted that Husband appeared to have taken unreasonable positions on settlement offers, including demanding unwarranted rental fees from Wife, and insisted on mediation but did not negotiate in good faith.  The court added that Husband changed his position on the inheritance funds at mediation after Wife showed they could be traced, and instead claimed he was entitled to half the inheritance because he had helped her.  The court further noted that the week before trial, Husband sent three supplemental disclosure statements, totaling around 500 pages, to Wife, causing her to incur additional attorneys' fees to determine whether the documents might be relevant to the trial.  The superior court's findings and conclusions are supported by the parties' testimony and the evidence presented, and the court did not abuse its discretion in awarding Wife a portion of her reasonable attorneys' fees and costs.

III.     Attorneys' Fees and Costs on Appeal

**¶22**          Wife requests attorneys' fees on appeal.  After considering the parties' financial resources and the reasonableness of their positions, we deny Wife's request.  Husband has reduced the amount of the judgment against him, and we award him taxable costs, contingent upon compliance with Rule 21, ARCAP.

## CONCLUSION

**¶23** We affirm in part, reverse in part, and remand for a recalculation of the parties' dissolution decree.

