IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

MANUEL A. LOPEZ,
*Plaintiff/Appellant*,

*v.*

FOOD CITY,
*Defendant/Appellee*.

No. 2 CA-CV 2013-0105
Filed February 25, 2014

———————————

Appeal from the Superior Court in Pima County
No. C20116617
The Honorable Kenneth Lee, Judge

**APPEAL DISMISSED**

———————————

COUNSEL

Manuel A. Lopez, Tucson
*In Propria Persona*

Burch & Cracchiolo, P.A., Phoenix
By Daryl Manhart, Susanne E. Ingold, and Jessica Conaway
*Counsel for Defendant/Appellee*

———————————

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

———————————

E C K E R S T R O M, Judge:

¶1        Appellant Manuel Lopez appeals from the trial court's decision granting a motion for judgment as a matter of law in favor of appellee Food City.  Because we lack jurisdiction, we dismiss the appeal as untimely.

¶2        Although Food City has not directly challenged the jurisdiction of this court, it has suggested that jurisdiction may be lacking, and "[t]his court has an independent duty to determine whether it has jurisdiction to consider an appeal." *Reeck v. Mendoza*, 232 Ariz. 299, ¶ 3, 304 P.3d 1122, 1123 (App. 2013).  In general, a notice of appeal filed before a final judgment is premature and ineffective.  *Id.*  And a judgment is not final until it is signed.  Ariz. R. Civ. P. 58(a); *see Baker v. Bradley*, 231 Ariz. 475, ¶ 12, 296 P.3d 1011, 1015 (App. 2013) (unsigned minute entry not final judgment).

¶3        Lopez's first notice of appeal was filed on April 19, 2013, and stated that he was appealing from the trial court's March 19, 2013 order.  The court's minute entry dated March 19 grants Food City's motion for judgment as a matter of law.  However, this minute entry specifically states that it is signed "in lieu of a formal judgment for Jury Fees only," and it directs Food City to "submit a formal order for the Court's signature."  The minute entry is therefore not final.  Because the first notice of appeal was filed before the entry of a final judgment, it was premature and ineffective.  *See Craig v. Craig*, 227 Ariz. 105, ¶ 13, 253 P.3d 624, 626 (2011) (notice of appeal filed in the absence of a final judgment is a nullity).

¶4        Nor does the exception to the final judgment rule articulated in *Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981), apply to this case.  That exception applies only if the notice of appeal is "filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, ¶ 37, 132 P.3d 1187, 1195 (2006).  Here, after the court granted Food City's motion for judgment as a matter of law, but before Lopez filed his notice of appeal, Food City filed a statement of costs

that also sought sanctions pursuant to Rule 68(g), Ariz. R. Civ. P. The court did not rule on Food City's request until after Lopez's notice of appeal was filed. Therefore, at the time the notice of appeal was filed, the issue of sanctions was still outstanding, which was a non-ministerial matter requiring resolution by the court before the judgment could become final. *See Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, ¶¶ 7-8, 270 P.3d 915, 916-17 (App. 2012).

**¶5**     The final, signed judgment was entered on May 3, 2013. But Lopez's second notice of appeal was not filed until June 10, 2013, and was therefore untimely. *See* Ariz. R. Civ. App. P. 9(a) (notice of appeal must be filed within thirty days of entry of judgment).

**¶6**     Although we would arguably have jurisdiction to hear Lopez's appeal under the newly amended Rule 9(b)(2)(B), Ariz. R. Civ. App. P., the amended rule does not apply to Lopez's case. Rule 9 as amended became effective January 1, 2014. Ariz. Sup. Ct. Order R-13-0005 (Aug. 28, 2013). Under Rule 81, Ariz. R. Civ. P., an amended rule governs all "actions or proceedings then pending," unless application of the amended rule would be infeasible or result in injustice. *Drozda v. McComas*, 181 Ariz. 82, 86, 887 P.2d 612, 616 (App. 1994). However, Lopez's case was not "pending" as of January 1, 2014.

**¶7**     *Black's Law Dictionary* defines "pending" as:

> Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

*Black's Law Dictionary* 1134 (6th ed. 1990). In other words, a case that has become final is no longer considered to be "pending." *Pima Cnty. Assessor v. Ariz. State Bd. of Equalization*, 195 Ariz. 329, ¶ 18, 987 P.2d 815, 820 (App. 1999). Lopez's first notice of appeal, as

discussed above, was premature and ineffective.  The final judgment in Lopez's case was entered on May 3, 2013.  Lopez did not file a new notice of appeal within thirty days of the entry of that judgment as required by Rule 9(a).  When the thirty-day time period ended, after Monday, June 3, 2013, his case was no longer appealable.  *See* Ariz. R. Civ. P. 6(a); *In re Marriage of Gray*, 144 Ariz. 89, 90, 695 P.2d 1127, 1128 (1985) ("[T]imely filing of a notice of appeal is a jurisdictional prerequisite to appellate review.").  Therefore, Lopez's case could not be considered "pending" on January 1, 2014, when the amendments to the rule took effect.

¶8         Because we lack jurisdiction, Lopez's appeal is dismissed.