IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KRISTIN CAMASURA, *Petitioner/Appellee*,

*v.*

BRENDAN ANTONIO CAMASURA, *Respondent/Appellant*.

No. CV 14-0309 FC
FILED 8-27-2015

Appeal from the Superior Court in Maricopa County
FC2012-052410
The Honorable Danielle J. Viola, Judge

**APPEAL DISMISSED**

COUNSEL

Daly Law Firm, PLLC, Scottsdale
By Douglas A. Daly
*Counsel for Petitioner/Appellee*

Cosmas Onyia, P.C., Phoenix
By Cosmas Onyia
*Counsel for Respondent/Appellant*

**OPINION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L**, Judge:

¶1        Brendan Antonio Camasura ("Husband") appeals from a decree of dissolution of marriage.  Because Husband's notice of appeal was premature and ineffective to invoke our appellate jurisdiction, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

¶2        Kristin Camasura ("Wife") filed a petition for dissolution of non-covenant marriage, with children, in October 2012.  After trial, the family court ordered dissolution of the marriage by a signed minute entry on March 12, 2014 ("March 12 order").  The March 12 order did not address legal decision-making and parenting time, although those issues had been addressed by a stipulation between the parties.  The March 12 order also did not determine the amount of attorney fees the court was going to award from Husband to Wife.  The court ordered Wife to submit, by March 24, 2014, a proposed form of decree of dissolution consistent with the March 12 order and an application for attorney fees.

¶3        On April 4, 2014, Husband filed a notice of appeal.  On April 16, 2014, the family court issued an order advising the parties that the March 12 order was "not intended to be a final order for purposes of appeal because it does not address all of the issues anticipated to be included in the Decree of Dissolution."  The court explained that it had not ruled on the issue of legal-decision making, parenting time, and the amount of attorney fees to be awarded.  The court further concluded that the notice of appeal did not divest it of jurisdiction, citing *In re Marriage of Johnson & Gravino*, 213 Ariz. 228, 293 P.3d 504 (App. 2012).  Finally, the court noted that Wife had lodged the proposed decree and application for attorney fees, and the court extended the deadline for Husband to file objections.

¶4        On May 1, 2014, the court issued an order awarding attorney fees to Wife and issued a thirteen page decree of dissolution ("Decree").  The Decree included the substance of the March 12 order and also contained the court's ruling on parenting time, legal-decision making, and attorney fees.  Husband did not thereafter file a new or amended notice of appeal.

## ANALYSIS

¶5        This court has an independent duty to examine whether we have jurisdiction over matters on appeal.  *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997).  This court's

jurisdiction is created by the legislature and limited by statute. *See* A.R.S. §§ 12-2101, 12-120.21; *Campbell v. Arnold,* 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). At our request, the parties submitted supplemental briefing addressing whether we have jurisdiction over this appeal.

**¶6** As a general rule, only final judgments are appealable. *Musa v. Adrian,* 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). A notice of appeal filed in the absence of a final judgment is premature. *See Barassi v. Matison,* 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981) (referencing Arizona Rule of Civil Procedure 58(a) and State Bar Committee Notes to the 1961 Amendment to the Rule). If a notice of appeal is premature, this court lacks jurisdiction to determine the appeal unless the prematurity of the notice of appeal is overcome by the narrow "*Barassi* exception" or by recent amendments to the Arizona Rules of Civil Appellate Procedure ("ARCAP")—specifically ARCAP 9(b)(2)(B), effective 2014, or ARCAP 9(c), effective 2015.[1] *See Smith v. Ariz. Citizens Clean Elections Comm'n,* 212 Ariz. 407, 415, ¶ 37, 132 P.3d

---

[1] ARCAP 9(b)(2)(B) was the relevant rule in 2014 when this case was before the family court. It stated:

> A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry of the judgment or order.

Effective January 1, 2015, the rule was amended and the key sentence at issue here is now set forth in ARCAP 9(c) as follows:

> A notice of appeal or cross-appeal filed after the superior court announces an order or other form of decision—but before entry of the resulting judgment that will be appealable—is treated as filed on the date of, and after the entry of, the judgment.

For the purpose of this analysis, we consider the 2014 version of ARCAP 9(b)(2)(B) and the 2015 version of ARCAP 9(c) to be substantively equivalent. Furthermore, because the application note provides that the "2015 amendment is applicable to all appeals filed on or after Jan. 1, 2015, as well as all other appeals pending on that date," this court will apply the 2015 language and refer to the provision as it is currently numbered.

1187, 1195 (2006) (stating the *Barassi* exception applies when "no decision of the court could change and the only remaining task is merely ministerial"); *Craig v. Craig,* 227 Ariz. 105, 106, 107, ¶¶ 8–9, 13, 253 P.3d 624, 625 (2011) (characterizing the *Barassi* exception to the final judgment rule as a "limited" or "slim" exception); ARCAP 9.

**The March 12 Order Was Not a Final Judgment**

¶7          The March 12 order would constitute a final and appealable judgment if it disposed of all claims and parties or if it had been appropriately certified by the family court to be final and appealable in accordance with Rule 78(B), Arizona Rules of Family Law Procedure.[2] Husband contends the March 12 order resolved all issues and constituted a final judgment because the parties had reached an agreement regarding legal decision-making and parenting time and the court had ruled that Wife would be entitled to an award of fees. We conclude the March 12 order was not a final judgment, however, as it was not intended by the family court to serve as the final decree because it did not determine the amount of attorney fees to be awarded, did not specify legal decision-making or parenting time, and did not contain an express determination complying with Rule 78(B). *See Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 10, 285 P.3d 969, 970 (App. 2012)

---

[2] Rule 78(B) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause.

(Emphasis added.)

(holding that a decree of dissolution entered by the family court was not final and appealable when "it neither determined the amount of Husband's attorneys' fees and costs to be paid by Wife nor contained an express determination complying with Rule 78(B)").

¶8        Because the March 12 order was not final and appealable, Husband's notice of appeal filed on April 4, 2013 was premature.

## The *Barassi* Exception Does Not Apply

¶9        The *Barassi* exception can save a premature notice of appeal but is "limited to situations in which a notice of appeal is filed 'after the trial court has made its final decision but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial.'" *Ghadimi*, 230 Ariz. at 623, ¶ 12, 285 P.3d at 971 (citing *Craig*, 227 Ariz. at 107, ¶ 13, 253 P.3d at 626). "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Craig*, 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (citing *Smith*, 212 Ariz. at 415, ¶ 39, 132 P.3d at 1195).

¶10        In *Ghadimi*, this court held that the premature notice of appeal was ineffective and did not come within the limited *Barassi* exception because the remaining task of determining the amount of attorney fees and costs to be awarded "was discretionary and not merely ministerial." 230 Ariz. at 623–24, ¶¶ 13–14, 285 P.3d at 971. Similarly, Husband's premature notice of appeal in this case is not saved by the *Barassi* exception, because the amount of attorney fees to be awarded was not yet determined. The fact that the March 12 order did not resolve legal decision-making and parenting time also defeats the *Barassi* exception. Contrary to Husband's argument, the parties' stipulation regarding legal decision-making and parenting time did not constitute a final resolution of those issues until adopted and ordered by the court, based on the best interests of the children. Such a determination is not ministerial.

## ARCAP 9(c) Does Not Save the Premature Notice of Appeal

¶11        The final question this court must answer is whether ARCAP 9(c) applies to prevent Father's premature notice of appeal from being a nullity. Rule 9(c) provides:

> A notice of appeal or cross-appeal filed after the superior court announces an order or other form of decision—but before entry of the resulting judgment that will be appealable—is treated as filed on the date of, and after the entry of, the judgment.

Husband contends that this provision is applicable and therefore his notice of appeal filed April 4 should be treated as filed on May 1 after entry of the Decree.

**¶12** Neither the Arizona Supreme Court nor this court has interpreted ARCAP 9(c).[3] This ARCAP 9(c) sentence mirrors Federal Rule of Appellate Procedure ("FRAP") 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." This is an exception to the general rule that requires an appellant to file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." *FirsTier Mort. v. Investors Mort. Ins. Co.*, 498 U.S. 269, 272 (1991). The State Bar of Arizona petition requesting the rule change that added ARCAP 9(b)(2)(B) in 2014 specifically referenced and quoted FRAP 4(a)(2), encouraging the Arizona Supreme Court to adopt a functionally equivalent sentence. We therefore presume the Arizona Supreme Court purposely followed the language of FRAP 4(a)(2) when adopting ARCAP 9(b)(2)(B), effective 2014, and ARCAP 9(c), effective 2015.

**¶13** When interpreting state procedural rules based on and adopted from analogous federal rules, Arizona courts generally accord "great weight" to the federal interpretations of the rules. *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971); *Hedlund v. Ford Mktg. Corp.*, 129 Ariz. 176, 178, 629 P.2d 1012, 1014 (App. 1981). Accordingly, we also presume the Arizona Supreme Court, when adopting ARCAP 9(b)(2)(B) and then ARCAP 9(c), was aware of and embraced the United States Supreme Court's definitive interpretation of FRAP 4(a)(2) in *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269 (1991).

---

[3] This court in *Lopez v. Food City*, 234 Ariz. 349, ¶¶ 6-7, 351, 322 P.3d 166, 168 (App. 2014), examined its own jurisdiction and in doing so considered the possible application of ARCAP 9(b)(2)(B). The court, however, found ARCAP 9(b)(2)(B) was not applicable and therefore did not resolve the meaning of the first sentence thereof.

¶14     In *FirsTier*, the Supreme Court explained that FRAP 4(a)(2) "permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment."  498 U.S. at 274.  The Court stated, however, that a premature notice of appeal relates forward to the date of entry of a final "judgment" only when the ruling designated in the notice is a "decision" for purposes of the rule,  *id.* at 274, n.4, and "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment," *id.* at 276.

¶15     Applying the United States Supreme Court's construction of FRAP 4(a)(2) to ARCAP 9(c), we conclude Rule 9(c) does not save Husband's attempted appeal.  The March 12 order was not final and did not dispose of all of the issues. *See In re Jack Raley Const., Inc.*, 17 F.3d 291, 294 (9th Cir. 1994) (holding that a premature notice was not saved by FRAP 4(a)(2) because an issue of pre-judgment interest was not decided until after the notice had been filed).  As the family court made clear in its April 16 order, the March 12 order was not appealable because it did not finally resolve all pending matters.  Therefore, ARCAP 9(c) does not apply.[4]  To

---

[4]  A number of other states with rules substantively identical to FRAP 4(a)(2) have reached similar conclusions. *See, e.g., Hall v. American Standard Ins. Co. of Wis.*, 292 P.3d 1196, 1199 (Colo. Ct. App. 2012) (appellate court lacked jurisdiction because no final judgment was entered when attorney fees and court costs had not yet been determined); *In re Marriage of Marez & Marshall*, 340 P.3d 520, 528 (Mont. 2014) (noting that a party may only appeal from a final judgment, which is defined as a judgment that "conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed") (quoting Mont. R.App. P. 4(a)); *Murray v. Stine*, 864 N.W.2d 386, 391 (Neb. 2015) (appellate court lacked jurisdiction when "the absence of a ruling on attorney fees left a portion of the judgment unresolved"); *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. Of Educ.*, 623 N.E. 2d 232, 234 (Ohio Ct. App. 1993) (noting it is "well-settled law that a judgment deferring final adjudication of a request for attorney fees is not a final appealable order"). *But see, e.g., Gonzalez, LLC v. DiVincenti*, 844 So.2d 1196, 1202 (Ala. 2002) (concluding final order had been entered and thus appellate court possessed jurisdiction even though motion for attorney fees remained pending with the trial court); *Blake v. Blake*, 670 A.2d 472, 477 (Md. 1996) (noting that appeals court has jurisdiction over case despite the pendency of attorney fees determination in trial court); *Evans v. Moyer*, 282

preserve his appeal, Husband should have filed another notice of appeal after entry of the Decree on May 1, 2014. *See Jack Raley*, 17 F.3d at 294 ("Where there is some doubt about the application of [the notice of appeal rules and FRAP 4(a)(2)], the prudent course of action is merely to file a fresh appeal after entry of final judgment.").

¶16      To summarize, we conclude that ARCAP 9(c) should be interpreted to mean the same as the nearly identical sentence in FRAP 4(a)(2). Accordingly, ARCAP 9(c) does not apply in this situation to save Husband's premature notice of appeal from being a nullity under the applicable rules and cases.

## CONCLUSION

¶17      Because Husband's notice of appeal was premature and does not come within the limited *Barassi* exception or ARCAP 9(c), this court lacks appellate jurisdiction to consider this appeal. Accordingly, Husband's appeal is dismissed for lack of jurisdiction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

P.3d 1203, 1209 (Wyo. 2012) (holding that premature notice of appeal entered before judgment on attorney fees was effective upon entry of subsequent final appealable order).