ECKERSTROM, Chief Judge:
¶ 1 Robert Ochoa seeks to appeal from the trial court's order modifying his child support obligation. Because we lack jurisdiction, we dismiss the appeal.
¶ 2 Although neither party has raised the issue of jurisdiction, "[t]his court has an *606 independent duty to examine whether we have jurisdiction over matters on appeal." Camasura v. Camasura , 238 Ariz. 179, ¶ 5, 358 P.3d 600 (App. 2015). In July 2017, Ochoa filed a motion to modify child support. The family court scheduled a hearing on the motion to be held in November, and that hearing was continued multiple times and finally held on February 28, 2018. On February 22, Raeanna Bojorquez, the mother of the child, filed a petition to modify parenting time. On February 28, the court entered an order modifying Ochoa's child support obligation, but increasing it rather than reducing it as Ochoa had requested. That order did not address Bojorquez's petition on parenting time. And, it did not contain language pursuant to Rule 78(B), Ariz. R. Fam. Law P., "direct[ing] the entry of final judgment as to one or more but fewer than all of the claims."
¶ 3 "As a general rule, only final judgments are appealable," Ghadimi v. Soraya , 230 Ariz. 621, ¶ 7, 285 P.3d 969 (App. 2012), and "a family court ruling is not final and appealable until all of the claims pending before the court have been resolved or a Family Rule 78(B) certification of finality is included." Natale v. Natale , 234 Ariz. 507, ¶ 5, 323 P.3d 1158 (App. 2014).
¶ 4 We recognize that this case was carried out under a bifurcated procedure in which child support enforcement was before one judicial officer pursuant to Title IV(D) of the Social Security Act, 42 U.S.C. §§ 651 - 669b (dealing with the enforcement of child support obligations under federal law), and matters of custody (parenting time and legal decision-making) were before a different judicial officer. Although the issues are bifurcated, they are not treated as separate "actions," but rather all claims are under the same case number. Consequently, for a child support order to be appealable, the Rule 78(B) language must be included in the order if there is a pending and unresolved custody claim, even where that claim is being adjudicated by another judicial officer. Similarly, for a custody order to be appealable, the Rule 78(B) language must be included within the order if there is a pending and unresolved child support claim, even where that claim is being adjudicated by another judicial officer.
¶ 5 Because Bojorquez's petition to modify parenting time remained outstanding at the time the judgment was entered, and the judgment did not contain language pursuant to Rule 78(B), the judgment was not final and could not be appealed. See id. ¶ 11. Accordingly, we dismiss Ochoa's appeal.