NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHANNON NOELLE GREEN, *Petitioner/Appellee*,

*v.*

DOUGLAS C. RHOADS, *Respondent/Appellant*.

No. 1 CA-CV 20-0078 FC
FILED 10-27-2020

Appeal from the Superior Court in Maricopa County
No.  FC 2014-001581
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Andersen PLLC, Scottsdale
By Mark Hawkins
*Counsel for Respondent/Appellant*

Law Offices of Michael and Casey, Phoenix
By Sarah J. Michael, Robert I. Casey
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1        Douglas Rhoads ("Father") challenges the superior court's order granting $14,369.86 in child support arrearages to Shannon Green ("Mother").  He also asks us to vacate (1) the court's subsequent ruling granting Mother's motion for reconsideration on the issue of attorneys' fees and (2) an order allocating costs to hire a therapeutic interventionist.  For the following reasons, we affirm the arrearages calculation but we decline to address the motion for reconsideration for lack of jurisdiction.  We vacate the order addressing therapeutic interventionist costs, and remand for further proceedings.

**BACKGROUND**

¶2        Father and Mother divorced in 2016.  The decree ordered Father to pay child support for their two children.  Both the decree and the related child support order stated that all payments for child support must be paid through the Support Payment Clearinghouse.

¶3        After the divorce, Father declared bankruptcy.  The bankruptcy trustee issued Mother a check for $12,000 and the trustee's report indicated that the check was a priority payment.

¶4        Mother filed a petition to modify parenting time and child support.  In his response, Father claimed the $12,000 check was for child support and asked the court to credit him that amount when it calculated arrearages.  At the evidentiary hearing, Father testified the payment's priority status meant it was for child support, as child support "gets paid first and in full."  But neither the check nor the trustee report specifically stated the payment was for child support.

¶5        On November 13, 2019, the superior court filed its ruling ("November Ruling") on Mother's petition. The court did not rule on child support, noting the issue would be addressed in a separate order.  The court nonetheless certified the ruling as a final judgment under Arizona Rules of Family Law Procedure ("Rule") 78(c) final order.  The court also stated each

2

party would be responsible for their own attorneys' fees and costs. Finally, the court found that use of a therapeutic interventionist was necessary and both parties would share equally in those costs.

**¶6** On December 5, 2019, the superior court filed its order addressing child support ("December Order"). Rejecting Father's argument about the purpose of the $12,000 check, the court awarded Mother an arrearage judgment of $14,369.86, which matched the amount Father reportedly owed. The court certified the December Order as a final judgment under Rule 78(c).

**¶7** Mother filed a motion for reconsideration of both the November Ruling and December Order. Among other things, Mother asked the superior court to revisit her request for attorneys' fees and costs. Father filed a response, together with a "counter-motion for clarification, or for relief from judgment," under Rules 84 and 85. Father opposed Mother's request for attorneys' fees and costs and again asked the court to credit the $12,000 priority payment as child support. On the same day, Father filed a notice of appeal of the November Ruling and December Order.

**¶8** Despite the pending appeal, the superior court ruled on the motion for reconsideration. In relevant part, the court stated it would award Mother attorneys' fees and costs subject to filing an affidavit. The court denied Father's request to credit the $12,000 as child support, reasoning that Father failed to provide sufficient evidence at the evidentiary hearing to support his claim, and the $12,000 payment was statutorily precluded from arrearage calculations because it was not paid through the clearinghouse. *See* A.R.S. § 46-441(H).

**¶9** After Mother submitted her fee affidavit, Father argued the superior court erroneously ruled on the motion for reconsideration while this appeal was pending. Over Father's objection, the court entered its May 2020 order awarding Mother $4,075 in attorneys' fees and costs.

## DISCUSSION

**¶10** Father argues (1) the superior court erred when it failed to credit the $12,000 priority payment as child support, (2) the court erred by ruling on the motion for reconsideration during the pendency of this appeal, and (3) the court should be ordered to clarify the cost allocation for the therapeutic interventionist.

## A.      Jurisdiction Issues

**¶11**         "This court has an independent duty to examine whether we have jurisdiction over matters on appeal." *Camasura v. Camasura*, 238 Ariz. 179, 181, ¶ 5 (App. 2015). While we generally disfavor dismissal on hypertechnical grounds, *Schwab v. Ames Construction*, 207 Ariz. 56, 59, ¶ 11 (App. 2004), we must dismiss a matter if we lack jurisdiction, *Robinson v. Kay*, 225 Ariz. 191, 192, ¶ 4 (App. 2010).

**¶12**         Father appeals from both the November Ruling and December Order. Although the November Ruling was signed under Rule 78(c), it cannot be considered a final appealable order because it did not resolve all pending matters. *See* Rule 78(b). In fact, the court specifically stated that the issue of child support would be determined in a future order. For this partial disposition to be appealable, it would need to be signed as a Rule 78(b) order.

**¶13**         The remaining issue of child support was resolved in the December Order. The court entered the judgment as a Rule 78(c) final order and stated there were no further issues or claims remaining for the court to decide. Thus, the December Order is the baseline ruling for this appeal. Because Father filed a timely notice of appeal, we have jurisdiction to consider issues relating to the November Ruling and the December Order. *See* ARCAP 5(a), 8(a); Ariz. R. Civ. P. 6(a).

**¶14**         As to the matters raised after the December Order, including Mother's motion for reconsideration, Father did not amend his notice of appeal to include the court's final ruling granting fees, nor did he file a second notice of appeal from that ruling. *See* A.R.S. § 12-2101(A)(2) (recognizing that a "special order made after final judgment" is appealable). Thus, Father's notice of appeal challenging the November Ruling and December Order did not encompass the superior court's ruling on Mother's motion for reconsideration. *See* ARCAP 8(c)(3) (stating that the notice of appeal must "designate the judgment or portion of the judgment from which the party is appealing"). We lack jurisdiction, therefore, to address the merits of that ruling, including whether the court erred by entering the judgment for attorneys' fees and costs while this appeal was pending. *See In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014) ("[T]his court only acquires jurisdiction over those matters identified in a timely filed notice of appeal."); *see also Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982).

## B.    Child Support Arrearage

**¶15**        We review the superior court's ruling on arrearages for an abuse of discretion.  *Ferrer v. Ferrer,* 138 Ariz. 138, 140 (App. 1983).  We accept the court's factual findings unless clearly erroneous. *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004).  We review conclusions of law de novo. *Hughes v. Creighton*, 165 Ariz. 265, 267 (App. 1990).

**¶16**        At trial, Father argued the $12,000 check's priority status meant it was for child support and testified that $12,000 was a reasonable approximation for how much he owed at the time.  Mother did not dispute that she received the $12,000 check.  However, she asserted that because the check and trustee's report do not identify the payment as child support, it was not made for that purpose.  Nothing in the record contradicts Mother's assertion.

**¶17**        On appeal, Father argues that the $12,000 priority payment, as a matter of law, could only have been for child support.  Father points to the bankruptcy code, which lists domestic support obligations as a type of priority payment. 11 U.S.C. § 507(a)(1)(A).  Because Father owed no spousal support, he argues that this payment could only have been for child support.  Father also notes that the Bankruptcy Code requires a debtor be current on child support before the debtor's debt can be discharged.  11 U.S.C. § 1328(a).

**¶18**        First, Father has waived his reliance on the Bankruptcy Code. Although he asserted that the check's priority status meant it was for child support, and testified that $12,000 was a reasonable approximation for what he owed at the time, Father never cited any provision in the Bankruptcy Code in the superior court. Generally, issues raised for the first time on appeal are waived. *Henderson v. Henderson*, 241 Ariz. 580, 586, ¶ 13 (App. 2017).

**¶19**        Waiver aside, we are not persuaded by Father's argument. Child support is not the only debt that can be designated as a priority payment.   Other priority payments include administrative expenses, unsecured claims under 503(f) (business expenses before trustee appointment), employee earnings, employee benefit plans, taxes, and deposits related to real property. *See* 11 U.S.C. § 507.  Importantly, the trustee report only differentiates between Mother's priority claim for $12,000, and her general unsecured claim which was discharged.  The report does not break down how the trustee computed the $12,000 priority payment or explain what the payment covers.  Though it is not readily

apparent how any of these other kinds of priority claims would apply to Mother, Father has not established that child support is the only potential priority payment under the Bankruptcy Code as a matter of law.

¶20 Second, the fact that a debtor is generally required to become current on support obligations before bankruptcy discharge is not conclusive evidence that this $12,000 priority payment could only have been for child support. Even assuming Father is correct that $12,000 is a reasonable estimate for child support owed at the time the priority payment was issued, this fact alone—or when taken with the other issues discussed above—is not enough to show the superior court abused its discretion.

¶21 Finally, the superior court's refusal to credit the $12,000 payment as child support is supported by statute: "[p]ayment of any money directly to an obligee or to a person other than the support payment clearinghouse shall not be credited against the support obligation unless the direct payments were ordered by the court, or made pursuant to a written support agreement by the parties." A.R.S. § 46-441(H). Nothing in the record indicates any authorization or agreement for child support payments to be made outside the clearinghouse. Indeed, the decree and related child support order both require that all payments be processed through the clearinghouse. Although neither party addressed this statute in the superior court or on appeal, and it was only referenced for the first time in the ruling on Mother's motion for reconsideration, we may affirm the superior court's decision "if it is correct for any reason." *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

### C.     Therapeutic Intervention

¶22 In the November Ruling, the superior court ordered that both "parties shall equally share in the costs of the [therapeutic intervention]." Without explanation, however, the court's later order appointing the therapeutic interventionist required Father to pay 100% of the fees and costs. Citing Rule 85(a), Father suggests the discrepancy was a clerical mistake, but that it could not be corrected while this appeal is pending. Mother believes the order is correct as it stands; however, she does not object to remanding the issue for clarification. Given the conflict between the two orders, we vacate the order requiring Father to pay all the costs of therapeutic intervention and remand for entry of a new order as the court deems appropriate.

## CONCLUSION

**¶23** We affirm the December Order, but we vacate the order holding Father responsible for payment for the therapeutic interventionist and remand for further proceedings. We lack jurisdiction to address Father's argument relating to the court's award of fees and costs to Mother. Both parties seek attorneys' fees and costs pursuant to A.R.S. § 25-324, which authorizes a court to award fees after consideration of the parties' financial resources and the reasonableness of their positions. In our discretion, we deny both requests for fees and costs.



AMY M. WOOD • Clerk of the Court
FILED:   AA