NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SANDRA LYNN MILHAM, *Petitioner/Appellee*,

*v.*

MARK MILHAM, *Respondent/Appellant*.

No. 1 CA-CV 21-0581 FC
FILED 6-2-2022

Appeal from the Superior Court in Maricopa County
No. DR1998-001490
The Honorable Suzanne M. Nicholls, Judge

**SPECIAL ACTION JURISDICTION GRANTED; RELIEF DENIED**

COUNSEL

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Counsel for Petitioner/Appellee*

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1          Mark Milham ("Husband") appeals a judgment for Sandra Lynn Woll ("Wife"), formerly Milham, dividing Husband's military retirement benefits. For the reasons stated below, we exercise special action jurisdiction but deny relief.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2          The parties' 1998 dissolution decree awarded Wife 32.43% of Husband's military retirement benefits if and when he "retires from active duty in the United States Air Force." The decree did not order Husband to directly pay Wife her share of his retirement benefits, and the parties did not stipulate to entry of a domestic relations order. In 2016, as Husband's retirement date approached, Wife contacted the Defense Finance and Accounting Service ("DFAS"), the entity responsible for administering military retirement benefits, about receiving direct payments. In April 2020, DFAS approved her application for direct payments. DFAS reversed its decision two months later and denied Wife's claim, because Husband was retiring from reserve duty, not active duty. DFAS instructed Wife to obtain a clarifying court order before it could process her application. She petitioned for a "military dividing order," and sought a judgment for her share of retirement benefits Husband already received but refused to pay her. She also sought attorneys' fees and costs under A.R.S. § 25-324.

¶3          The parties stipulated to a domestic relations order dividing Husband's military retirement benefits ("Order"). After an evidentiary hearing, the superior court entered judgment for Wife on August 18, 2021, awarding her over $30,000—her share of the benefits Husband withheld. The court also awarded Wife attorneys' fees and costs in an unspecified amount and included Arizona Rule of Family Law Procedure 78(b) finality language.

¶4          The superior court entered an unsigned order on September 10, 2021, that denied Husband's motion for reconsideration, noting "[t]he

issue of attorney's fees and costs award was dealt with by separate order." Husband appealed the August 18, 2021 judgment on September 12, 2021. The court entered judgment on September 14, 2021, awarding Wife $7,000 in attorneys' fees and costs. Husband did not amend his notice of appeal to include the September 14, 2021 judgment.

**¶5**        Another panel of this court directed the parties to address whether our court had jurisdiction based on the Rule 78(b) language in the August 18, 2021 judgment. That panel correctly held that the inclusion of Rule 78(b) language did not render the August 18, 2021 judgment appealable because it did not resolve the issue of attorneys' fees and costs. Yet that panel found Husband timely appealed because he filed his notice after the September 10, 2021 order.

**¶6**        But the September 10, 2021 order did not set forth the amount of the fee award. A claim for attorneys' fees and costs is not resolved until the amount of the award is decided. *See Ghadimi v. Soraya*, 230 Ariz. 621, 623–24, ¶¶ 13–14 (App. 2012). Although the superior court signed the September 14, 2021 judgment on September 9, a judgment from which an appeal lies is not final until entered by the clerk. *See Maricopa Cnty. Juv. Action No. JS-8441*, 174 Ariz. 341, 343 (1992) (latest official date on minute entry commences appeal rights). Husband's notice of appeal is premature and a nullity because he filed it before the superior court entered its order resolving the attorneys' fees award. *See Ghadimi*, 230 Ariz. at 623–24, ¶¶ 13–14 (a notice of appeal filed before resolution of attorneys' fees and costs is premature and a nullity). "[T]his court lacks jurisdiction to determine the appeal unless the prematurity of the notice of appeal is overcome by the narrow '*Barassi* exception'" or by ARCAP 9(c). *Camasura v. Camasura*, 238 Ariz. 179, 181, ¶ 6 (App. 2015). Neither exception applies when the first ruling does not determine the amount of attorneys' fees. *See id.* at 182–83, ¶¶ 10, 15. For these reasons, we disagree with the earlier order finding appellate jurisdiction.

**¶7**        In the exercise of our discretion, we accept special action jurisdiction over Husband's appeal. *See Cicoria v. Cole*, 222 Ariz. 428, 429, ¶ 4 (App. 2009) (acceptance of special action jurisdiction is "highly discretionary"). Here, the time for filing an appeal from the final judgment has passed and another panel of this court previously found we had jurisdiction. In reliance on that order, the parties have fully briefed the appeal. Given these extraordinary circumstances, and because appellant now lacks "an equally plain, speedy, and adequate remedy by appeal," the exercise special action jurisdiction is appropriate. Ariz. R.P. Spec. Act. 1(a);

*see also* A.R.S. § 12-120.21(A)(4) (we have jurisdiction over special actions without regard to our appellate jurisdiction).

## DISCUSSION

**¶8** The superior court entered judgment against Husband for $30,852.82, which represents Wife's share of the military retirement benefits Husband received but withheld. Husband challenges this judgment on several grounds. He argues neither the decree nor the Order required him to directly pay Wife her share of the benefits he has already received. He also faults Wife for not asking the court, either in the 1998 decree or in the Order, to command Husband to make direct payments. We review the superior court's interpretation of an existing decree *de novo*. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007).

**¶9** Wife possessed an immediate and vested interest in her share of the retirement benefits upon entry of the decree. *See Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986) (when community property is divided at dissolution, each spouse receives "an immediate, present, and vested separate property interest in the property awarded to him or her by the trial court"). The decree entitles Wife to her share of the retirement benefits "if and when" Husband retires. Contrary to Husband's contention, the failure to enter a domestic relations order at the time of the decree does not extinguish Wife's vested interest. *See id.* Instead, the lack of a domestic relations order, or other payment provision in the decree, meant Wife needed to proactively enforce her right to the benefits. She did exactly that when she contacted DFAS in advance of Husband's retirement. Despite her efforts, Husband initially received all the retirement benefits. The judgment thus properly ordered Husband to return Wife's separate property to her.

**¶10** Husband also argues that by entering a judgment, the superior court improperly modified the decree to require direct payments without considering whether Rule 85 permitted Wife's petition. We reject Wife's contention that Husband waived this argument by not raising it below. Without citing Rule 85, Husband's response to Wife's post-decree petition argued that requiring him to make direct payments twenty-three years later would be an improper modification of the decree. The superior court found that Wife sought to enforce, not modify, the decree and did not address Rule 85.

**¶11** Yet the parties stipulated to the Order, which reduced Wife's share from 32.43% to 31.51%, and so modified the decree. But because Husband stipulated to the Order, he cannot challenge it on appeal. *See*

*Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶ 16 (App. 2009) (a party generally cannot appeal from an order the party consented to). And because the judgment separately enforced Wife's modified property rights, by ordering Husband to return her separate property, Rule 85 does not apply to the judgment.

**¶12** Husband's analogy to *Quijada v. Quijada* also misses the mark. 246 Ariz. 217 (App. 2019). In *Quijada*, the decree provided that the wife's share of the community pension benefits would be paid at the same time and in the same manner as the husband's. *Id.* at 219, ¶ 3. The wife petitioned to modify the decree and force the husband pay her directly because he chose to continue working past his eligible retirement date. *Id.* at ¶ 4. In *Quijada*, we held that because the wife agreed to the payment provision in the decree, the court had no authority to order the husband to make immediate payments. *Id.* at 221, ¶ 10. We recognized "*Koelsch* largely disapproved of an arrangement" like the one in the parties' decree because it was inequitable when entered over one party's objection. *Id.* at 220–21, ¶ 9. But we noted *Koelsch* did not prohibit such agreements. *Id.* Here, unlike the spouse in *Quijada,* Wife did not seek pre-retirement payments under *Koelsch.* Instead, Wife sought to recoup her share of the retirement benefits already disbursed to Husband. *Koelsch* is thus inapplicable.

**¶13** Finally, Husband argues Wife's claim is barred by the equitable doctrine of laches. Laches will bar a claim "only upon a showing by clear and compelling evidence that the obligee unreasonably delayed bringing a claim . . . and the obligor was prejudiced by this delay." *In re Marriage of Yuro*, 192 Ariz. 568, 573, ¶ 13 (App. 1998). Husband's contention, that Wife waited twenty-three years to make a claim, mischaracterizes the facts of this case. Although the decree did not include a corresponding domestic relations order, Wife diligently asserted her right to the retirement benefits by applying for direct payments from DFAS. And while she was four years early, she acted reasonably in response to DFAS's communications. Thus, any delay was not unreasonable.

**¶14** Nor can Husband claim he was prejudiced. In July 2020, Wife notified Husband that she was claiming her share of the retirement benefits. Thus, he knew of Wife's claim and cannot show prejudice simply because he spent her money. *See Flynn v. Rogers*, 172 Ariz. 62, 67–68 (1992) (expenditure of other spouse's benefits alone does not constitute prejudice).

**¶15** Both parties request attorneys' fees on appeal. Because of Husband's superior financial resources, we award Wife her reasonable

attorneys' fees and costs upon compliance with ARCAP 21. *See* A.R.S. § 25-324.

**CONCLUSION**

**¶16** We exercise special action jurisdiction over Husband's appeal but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA