NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHARLES OSTERING, *Petitioner/Appellant*,

*v.*

LAURA OSTERING, *Respondent/Appellee*.

No. 1 CA-CV 19-0084 FC
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No. FC2015-009673
The Honorable Kevin B. Wein, Judge

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Charles Ostering, Litchfield Park
*Petitioner/Appellant*

Lincoln & Wenk, PLLC, Phoenix
By Michael A. Lincoln, Russell F. Wenk, Lisa Monnette
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1          Charles Ostering ("Father") appeals the superior court's orders modifying legal decision-making, parenting time, and child support and denying motions for relief from monetary sanctions filed by Laura Ostering ("Mother").  For the reasons below, we affirm in part and dismiss in part.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Mother and Father were married in August 2008 and are parents to three children, A.O., C.O., and Z.O.  The parties were divorced in February 2017 and granted joint legal decision-making, with Mother as the primary residential parent and Father having parenting time every weekend.

¶3          Five months after the court entered its decree, Mother petitioned to enforce its orders and hold Father in contempt for failing to comply.  And six months and one day from the date the decree was filed, Mother petitioned to modify legal decision-making, parenting time, and child support, alleging Father's behavior was unreasonable and made it "impossible" for the parties to co-parent because Father "aggressively" tried to override Mother's wishes and harassed her with "inappropriate" text messages and phone calls.

¶4          The court ordered the parties to attend post-decree mediation to resolve the legal decision-making, parenting time, and child support issues, and set an evidentiary hearing on the contempt allegations.

¶5          After the December 2017 evidentiary hearing, the superior court found Father in contempt and ordered him to comply with the court's orders.  Father petitioned for reconsideration, but the court denied Father's petition as "wholly unreasonable."

¶6          Father continued sending Mother "inappropriate, harassing, threatening, intimidating" emails, and Mother moved for monetary

sanctions. The superior court held a hearing on Mother's petition for modification and motions for monetary sanctions. In its December 2018 order, the court awarded Mother sole legal decision-making authority and Father temporary, supervised parenting time. The court did not resolve attorneys' fees and denied Mother's motions for monetary sanctions.

¶7            Father timely appealed the December 2018 orders, but later moved to stay his appeal for the superior court to rule on a parenting time issue and attorneys' fees. This court stayed Father's appeal until the superior court issued its June 2019 order resolving issues of parenting time and child support arrears, as well as granting Mother a partial award of her reasonable attorneys' fees subject to her proper application for the same. Father filed an amended notice of appeal following the June 2019 ruling. The superior court then heard the remaining matter of Mother's request for attorneys' fees and issued its final orders in July 2019. Father did not file a notice of appeal after the superior court's July 2019 ruling.

¶8            Separately, in July 2020, Father petitioned the court to modify legal decision-making, parenting time, and child support. The superior court entered temporary orders, held an evidentiary hearing, and in November 2020 ordered the parties to share joint legal decision-making with Mother having final authority. The parties were awarded equal parenting time (one week on/one week off). Neither party appealed these orders.

¶9            After delaying the matter for nearly three years, largely because of Father's bankruptcy proceedings, this court lifted its stay in February 2022.

## DISCUSSION

¶10          Father appeals the superior court's December 2018 and June 2019 orders. "This court has an independent duty to examine whether we have jurisdiction over matters on appeal." *Camasura v. Camasura*, 238 Ariz. 179, 181, ¶ 5 (App. 2015). The superior court must have "fully resolved all issues raised in a post-decree motion or petition before an appeal can be taken." *Yee v. Yee*, 251 Ariz. 71, 76, ¶ 14 (App. 2021). If the superior court's order resolves some but not all issues and does not contain finality language under Arizona Rule of Family Law Procedure ("Rule") 78(b), the order is not final or appealable. *Natale v. Natale*, 234 Ariz. 507, 509, ¶ 9 (App. 2014). "[A] notice of appeal filed in the absence of a final judgment . . . is ineffective and a nullity." *Camasura*, 238 Ariz. at 182, ¶ 9 (citation and internal quotation marks omitted). The failure to file a notice within thirty days

deprives this court of jurisdiction except to dismiss the attempted appeal. *James v. State*, 215 Ariz. 182, 185, ¶ 11 (App. 2007); ARCAP 9(a).

**¶11** The June 2019 order would be a final judgment if it disposed of all claims, or the court had certified it as final under Rule 78(b). However, that order did not resolve attorneys' fees or contain Rule 78(b) language. Because the order was not final or appealable, Father's amended notice of appeal was premature and a nullity, and we lack jurisdiction to entertain it. *See James*, 215 Ariz. at 185, ¶ 11.

**¶12** Father has preserved his objections as they relate to the December 2018 orders, and we address them below.

I.      Mother's Petition to Modify Legal Decision-Making, Parenting Time, and Child Support

**¶13** Father first argues the superior court erred in "accepting and not dismissing" Mother's petition because (1) Mother petitioned the court only six months after the decree, not after one year; (2) Mother did not file an emergency petition or allege emergency bases; and (3) there was no material change in circumstances. Father also makes numerous arguments challenging the superior court's best interests findings including that the court (1) disregarded Father's concerns about Mother's boyfriend; (2) disregarded the lack of domestic violence history; (3) gave no weight "to an opinion submitted by an educated, trained licensed psychologist that Father did not have violent tendencies"; (4) considered Father a threat with no legal basis; and (5) abused its discretion in finding Father likely has some level of mental illness and a forensically informed psychological evaluation was in the children's best interests.

**¶14** As Mother notes in her brief, Father petitioned the superior court in 2020 to modify legal decision-making, parenting time, and child support after both the December 2018 and June 2019 orders. The superior court ordered the parties to share joint legal decision-making with Mother having final authority and equal parenting time (one week on/one week off). Father's challenges to the December 2018 order as they relate to Mother's petition are rendered moot by the court's subsequent November 2020 orders. The appeal of these rulings is dismissed. *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012) (this court generally dismisses an appeal as moot "when our action as a reviewing court will have no effect on the parties") (citation omitted).

4

II.    Direct Payments

¶15    Father next argues the superior court erred in denying him credit for payments he allegedly made directly to Mother, not through the Clearinghouse.  He also claims the court violated his constitutional rights by excluding his trial exhibits proving the alleged payments.

¶16    These arguments flow from the superior court's January 2018 order finding Father in contempt for failing to comply with the court's child support orders.  Father again raised these arguments in his motion for reconsideration, but the court found Father's position "wholly unreasonable."  Because Father failed to timely appeal from these rulings, we lack jurisdiction to address them, and they are dismissed.  *See* ARCAP 9(a).

III.    Sanctions

¶17    Father argues the superior court erred when it (1) did not consider Father's ability to pay sanctions; (2) "sanctioned excessive fines"; and (3) "did not reverse all sanctions levied against Father in this case."  It is unclear which orders Father's arguments reference.  Father's first two arguments presumably relate to the January 2018 order in which the superior court held Father in contempt and sanctioned him for failing to comply with its orders.  As stated above, *see supra* ¶ 16, Father failed to timely appeal these rulings, and we lack jurisdiction to address them.  *See* ARCAP 9(a).

¶18    Father's argument that the court should have "reversed all sanctions levied against" him in this case presumably relates to the December 2018 order.  But the court did not sanction Father in this order.  And Father did not make this argument in the superior court.  Father instead requested the court lift liens so he could pay the sanctions in installments.  Because Father did not raise this argument below, he has waived it on appeal.  As such, we decline to address it further and affirm the court's judgment.  *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021) (arguments not timely raised in the superior court are waived on appeal) (citation omitted).

**CONCLUSION**

¶19    For the foregoing reasons, we affirm in part and dismiss in part.  Both parties have requested their attorneys' fees and costs on appeal.  We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal.  *See* Arizona Revised

Statutes section 25-324(A).  In the exercise of our discretion, we grant Mother a partial award of her reasonable attorneys' fees and costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA