NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICHOLAS PETER WHITE, *Petitioner/Appellee,*

*v.*

TABATHA FAITH NEWBY, *Respondent/Appellant.*

No. 1 CA-CV 25-0540 FC

FILED 04-22-2026

Appeal from the Superior Court in Maricopa County
No. FC2020-093775
The Honorable Charlene D. Jackson, Judge

**AFFIRMED IN PART, DISMISSED IN PART**

COUNSEL

Kirk Smith, Chandler
*Counsel for Respondent/Appellant*

Genesis Legal Group, Gilbert
By Deborah M. Levine
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

_____

**T H U M M A**, Judge:

¶1   In this post-decree family court matter, Tabatha Newby (Mother) appeals the denial of her petition to modify legal decision-making, parenting time and child support, and also seeks to challenge an award of attorneys' fees and costs to Nicholas White (Father). Because Mother has shown no error in the denial of her petition, that ruling is affirmed. Because this court lacks appellate jurisdiction over the subsequent award of fees and costs, that portion of the appeal is dismissed.

**FACTS AND PROCEDURAL HISTORY**

¶2   Mother and Father married in 2007 and have two children in common; one is a minor and the other recently turned 18. In 2020, Father filed for divorce, and a May 2021 decree of dissolution granted joint legal decision-making and shared parenting time with a one week on, one week off schedule. The decree required Father to pay $306 in monthly child support.

¶3   In February 2023, Mother petitioned to modify legal decision-making, parenting time and child support. As changed circumstances, Mother alleged Father made disparaging remarks about her to the children, poor communication between her and Father and an inability to agree on whether the children should see a therapist. Mother sought sole legal decision-making or, alternatively, "final say" decision-making; a reduction in Father's parenting time and modification of the parenting schedule and child support.

¶4   At Mother's request, the children were interviewed by a court conciliator in July 2023. After several continuances, at an April 2025 trial, Mother and Father testified and the court received exhibits. In May 2025, the court issued its ruling, finding there had not been a material change of circumstances that would justify modifying legal decision-making or parenting time. Among other things, the court found several issues had resolved after the filing of the petition but before trial, and that Mother's

requested parenting time plan (which increased the frequency of transitions) was not in the best interests of the children. Given the parties' change in income, the court did eliminate the child support obligation. The court awarded Father a portion of his attorneys' fees and costs. *See* Ariz. Rev. Stat. (A.R.S.) § 25-324(A) (2026).[1] The court certified this May 2025 ruling as a partial final judgment, *see* Ariz. R. Fam. L.P. 78(b), and Mother filed a timely appeal of that partial final judgment.

**¶5**        In August 2025, after further briefing, the court awarded Father nearly $5,200 in fees and costs in a final judgment. *See* Ariz. R. Fam. L.P. 78(c). Mother, however, did not appeal that August 2025 final judgment.

**¶6**        This court has jurisdiction over Mother's appeal from the May 2025 partial final judgment pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**I.      Mother Has Shown No Error in the Superior Court Denying Her Petition to Modify.**

**¶7**        Mother's opening brief does not comply with applicable rules because she fails to support her arguments with "citations of legal authorities." ARCAP 13(a)(7)(A). Accordingly, she has waived her arguments on appeal. *See, e.g.*, *In re Aubuchon*, 233 Ariz. 62, 64-65 ¶ 6 (2013).

**¶8**        Waiver notwithstanding, the superior court did not abuse its discretion by finding Mother had not shown a material change in circumstances. This court reviews the denial of a petition to modify a dissolution decree for an abuse of discretion. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343 ¶ 14 (App. 2020). When deciding a petition to modify, the court must determine whether there has been a change of circumstances materially affecting the children's welfare, and if so, whether modification is in the children's best interests. *See id.* Mother had the burden to "satisfy the court that conditions and circumstances have so changed after the original decree as to justify the modification." *Id.* (citation omitted). "The [superior] court has broad discretion to determine whether a change of circumstances has occurred." *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179 (1982) (citation omitted).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9          Mother argues her alleged changed circumstances in her February 2023 petition justified modification. Her opening brief on appeal, however, acknowledges that the behaviors she cited as justifying modification had abated by the time of the April 2025 trial. Having considered the trial evidence, the superior court found that many of the issues Mother alleged in her petition had been resolved by the time of trial. The evidence at trial supports these findings and supports the superior court's conclusion that Mother had failed to show a material change in circumstances. Mother, in essence, argues that the trial evidence should be reweighed on appeal, something this court will not do. *See Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence.") (citation omitted).

¶10         The trial record, including information from the children when they were interviewed, similarly supports the court's conclusion that the children are well adjusted to their living circumstances and the parenting time schedule in the decree. On this record, Mother has not shown that the court abused its discretion in concluding she failed to show a material change of circumstances. *See Backstrand*, 250 Ariz. at 343 ¶ 14. Accordingly, Mother has not shown the court erred in denying her petition to modify parenting time and legal decision-making.

## II.     This Court Lacks Appellate Jurisdiction to Consider the Superior Court's Award of Attorneys' Fees and Costs Against Mother.

¶11         Although Mother seeks to challenge the August 2025 final judgment awarding fees and costs against her, she failed to file a timely notice of appeal from that judgment. As a result, this court lacks appellate jurisdiction over that purported challenge. *See Hernandez v. Athey*, 256 Ariz. 530, 533 ¶ 9 (App. 2023). Therefore, that portion of her appeal is dismissed. *See Camasura v. Camasura*, 238 Ariz. 179, 183-84 ¶ 17 (App. 2015).

## III.    Fees and Costs on Appeal.

¶12         Father requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(A). After considering the parties' financial resources and the reasonableness of their positions, and in an exercise of this court's discretion, Father is awarded a portion of his reasonable attorneys' fees and costs incurred on appeal contingent upon his compliance with ARCAP 21.

## CONCLUSION

¶13 The denial of Mother's petition to modify is affirmed and Mother's challenge to the award of fees and costs to Father is dismissed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR